20182. WOMBLE *v.* WOMBLE.

Argued September 8, 1958—Decided October 10, 1958.

*C. E. Hay,* for plaintiff in error.

*Alexander, Vann & Lilly, Roy M. Lilly, A. J. Whitehurst,* contra.

Head, Justice. ■ The divorce action of the wife was brought on the ground of cruel treatment. The answer of the husband denied the allegations asserting a cause for divorce. Paragraphs

13 through 25 of his answer alleged matters which he asserts to be grounds for divorce, and it is a part of this cross-action to which demurrers were sustained.

Paragraph 16 of the answer, to which demurrers were sustained, related matters transpiring prior to a former separation and reconciliation between the parties. In this paragraph the husband alleged in some detail the conduct of his wife (not asserted to be immoral) with a man she had met on a business trip. He asserts that he intercepted a letter written by his wife to this man (the letter being set out in the paragraph)', in which she wrote to the man in endearing terms. In the subsequent discussions between the parties she promised to be a good wife to him, and he agreed not to break up the family. After this time he discovered that his wife was carrying on a flirtation with another man, and at one time he found his wife and this man in a booth together at a restaurant, and he told the man to leave his wife alone. Thereafter, on April 12, 1957, without any further quarrel between them, his wife abandoned him without just cause, and filed an action for divorce and alimony against him. He filed a cross-action, setting out the matters above stated, and his wife sought a reconciliation with him. The divorce actions of both parties were withdrawn and cohabitation was resumed, upon the promise of the wife, both express and implied, that she would thereafter be a loyal and faithful wife, would not renew her flirtations or start any new flirtations, and would not renew the litigation between the parties.

In the subsequent paragraphs of the answer to which demurrers were overruled, it was alleged: A few weeks after the reconciliation, the wife began to call on the husband for money which he did not have, and she berated and belittled him for not being able to earn more than $250 per month. She went out at night alone and left him to take care of their child. On one occasion when he did not please her, she sought to strike him with a chair and another household article, and he avoided the blows only by seizing the chair and holding her. On March 24, 1958, she became ill, or feigned illness, and went to the home of her parents on the pretext of making them a visit, without any hint that she was permanently separating from him. He visited her

there, asked her to return home, and offered to employ a maid to help her with her housework. She has abandoned him without just cause, and is not entitled to alimony.

. It is insisted by the husband that his condonation of the conduct of his wife (set out in paragraph 16 of his answer) was conditional, and that the matters alleged in his answer, transpiring since the reconciliation, revive the previous misconduct of the wife and make the allegations of paragraph 16 germane to his cross-action for divorce.

Since the allegations in paragraph 16 show no other ground of divorce, we assume that it is contended that they amount to cruel treatment. Cruel treatment as a ground of divorce "shall consist of the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies apprehension of danger to life, limb or health." Code (Ann.) § 30-102 (10). While the allegations as to matters transpiring before the reconciliation of the parties assert conduct unbecoming a wife, they do not amount to allegations of cruel treatment. There is shown no wilful infliction of pain such as would justify an apprehension of danger to life or health. *Ring* v. *Ring*, 118 *Ga.* 183 (44 S. E. 861, 62 L. R. A. 878); *Brown* v. *Brown*, 129 *Ga.* 246 (58 S. E. 825); *Adams* v. *Adams*, 195 *Ga.* 479 (24 S. E. 2d 683).

The allegations of the answer show that the parties had separated on a previous occasion, the wife had filed a divorce action against the husband, the husband had filed a cross-action, the parties had become reconciled, and had subsequently cohabited. It has been held that a continuous course of ill conduct, such as "nagging", injuriously affecting or endangering the health of the other spouse, might constitute cruel treatment as a ground of divorce, even though one incident in the course of conduct would not; and that condoned acts in such a series of misconduct might be revived by the renewal and persistence of the conduct. *Allen* v. *Allen*, 194 *Ga.* 591, 592 (22 S. E. 2d 136); *Morris* v. *Morris*, 202 *Ga.* 431 (43 S. E. 2d 639). The allegations of the husband in the present case as to the conduct of his wife after their reconciliation do not show a renewal of the former conduct. None of the conduct complained of is asserted to have been done wilfully to injure him, nor is it asserted that the actions were such

as to injure or endanger his health. The trial judge properly struck paragraph 16 of the husband's answer.

Paragraphs 21 and 22 of the answer, with reference to a quarrel between the husband and the wife's father, were not germane to the divorce and alimony action, and the demurrers to these paragraphs were properly sustained. Paragraph 23 set out a letter which the husband alleged that he wrote to the wife after she went to her parents' home. This letter was immaterial to the divorce and alimony action, and was properly eliminated from consideration in connection therewith. The notice to produce was in connection with matters to which demurrers had been properly sustained.

■ The bill of exceptions recites that the trial judge "called for evidence concerning the financial status of the parties," prior to the judgment awarding temporary alimony. "On application for temporary alimony, the merits of the cause are not in issue, though the judge, in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether." Code § 30-205; *Hightower* v. *Hightower*, 202 *Ga.* 643 (44 S. E. 2d 116). The trial judge exercised his discretion in limiting the issue before him to a consideration of the financial status of the parties, and the temporary award of $12 per week for the support of the wife and the minor child was not excessive under the evidence.

*Judgment affirmed. All the Justices concur.*