18527

Frances Ruth ODOM, Respondent, v. Edwin M. ODOM, Appellant
(149 S. E. (2d) 353)

*Messrs. Earle, Bozeman & Grayson,* of Greenville, *for Appellant,*

*Paul K. Rogers, Esq.,* of Anderson, for *Respondent,*

July 5, 1966.

Moss, Chief Justice.

This action was instituted in the County Court of Anderson County by Frances Ruth Odom, the respondent herein, seeking a divorce *a vinculo matrimonii* and allied relief, against Edwin M. Odom, the appellant herein, on the ground of adultery. Section 20-101(1) of the Code. The answer of the appellant was a general denial.

The case was heard by The Honorable Ernest B. Castles, Judge of the Anderson County Court. After hearing the testimony he issued a decree, without any findings of fact, granting the respondent a divorce *a vinculo matrimonii* from the appellant on the ground of adultery; restoring to the respondent her maiden name; and enjoining the appellant from bothering, molesting or interfering with the respondent in any manner. It is from this decree that this appeal is prosecuted.

The questions for determination are whether or not there was error on the part of the trial judge in finding that the appellant as a matter of fact, was guilty of adultery within the meaning of our divorce law, and whether he should be restrained from bothering, molesting or interfering with the respondent.

The proof of adultery as a ground for divorce must be clear and positive and the infidelity must be established by a clear preponderance of the evidence. The proof must be sufficiently definite to identify the time and place of the offense, and the circumstances under which it was committed. It is not necessary that the fact of adultery be proved by direct evidence, but it may be sufficiently proved by indirect or circumstantial evidence, or it may be proved by evidence consisting in part of both, however, if after due consideration of all the evidence proof of guilt is inconclusive, a divorce will be denied. *Brown v. Brown,* 215 S. C. 502, 56 S. E. (2d) 330, 15 A. L. R. (2d) 163; and *Lee v. Lee,* 237 S. C. 532, 118 S. E. (2d) 171.

It is the established law in this State that in an equity case this Court may reverse the findings of fact of a Judge of County Court when the appellant satisfies this Court that such findings are without evidentiary support or are against the clear preponderance of the evidence. *Todd v. Todd,* 242 S. C. 263, 130 S. E. (2d) 552. Here, the trial judge made no specific findings of fact but, of necessity, he had to conclude from the evidence that the appellant was guilty of adultery in order to grant to the respondent a divorce upon such ground.

A detailed review of the evidence in this case would serve no useful purpose. However, we have reviewed the entire record in the light of the foregoing principles and conclude that the finding of the trial judge that the appellant was guilty of adultery is without evidentiary support.

It is provided in Section 20-111 of the Code that the Court, pending the termination of the action or by final order, may restrain or enjoin either party to the cause from in any manner interposing any restraint upon the personal liberty of, or from harming, interfering with or molesting the other party to the cause, during the pendency of the action, or after final judgment. The respondent seeking such relief must show facts and circumstances entitling her thereto. A careful review of the record reveals no evidence of any physical harm done or threatened to the respondent nor any evidence that the appellant has interfered with or molested the respondent in any way. Under these circumstances it was error for the Court to issue a permanent restraining order.

The judgment of the lower court is reversed and this case remanded thereto with directions to enter an order dismissing the complaint herein.

Reversed and remanded.

LEWIS, BUSSEY and BRAILSFORD, JJ., and LIONEL K. LEGGE, Acting J., concur.