21650

Joyce R. FOX, Respondent, v. James Daniel FOX, Sr., Appellant.
(288 S. E. (2d) 390)

*E. N. Zeigler,* Florence, *for appellant.*

*James M. Saleeby,* Hartsville, *for respondent.*

February 24, 1982.

LITTLEJOHN, Justice:

Joyce R. Fox (Wife) filed this action seeking (1) a divorce on the grounds of adultery, (2) alimony, and (3) other financial relief. James Daniel Fox, Sr. (Husband) counterclaimed for a divorce based on one-year continuous separation. Husband appeals the Family Court Order which largely granted Wife's requested relief and denied Husband's counterclaim.

Husband contends that Wife failed to prove adultery on his part. Adultery as a ground for divorce must be established by a clear preponderance of the evidence. If the direct and/or circumstantial evidence fails to meet this standard of proof, then guilt is inconclusive and a divorce will be denied. *Odom v. Odom,* 248 S. C. 144, 149 S. E. (2d) 353 (1966); *Lee v. Lee,* 237 S. C. 532, 118 S. E. (2d) 171 (1961).

The evidence before us fails to meet the required standard of proof. Wife relied upon her own testimony, that of her mother, and that of a private investigator. The mother testified that while living with Husband and Wife, she saw Husband leave the house at night on numerous occasions and visit Sarah Terry across the street. This activity was not reported by the mother to the daughter until several years later. The Husband and Wife were living together at the time of these alleged incidents, yet Wife did not corroborate her mother's testimony.

The private investigator observed Husband's activities for several days, yet never saw Husband and Terry together. Wife related two instances, neither denied by Husband, wherein she confronted Husband and Terry. One occurred in Wife's backyard when Terry walked across the street to meet the Husband who had just arrived in his car. Husband stated he had called Terry to discuss certain allegations being made by Wife in public. The other incident took place outside Husband's trailer (his residence after separation) when Wife and

a friend exchanged words and physical pushing with Husband and Terry. Husband and Terry testified that Terry had taken her ten-year old son to the trailer to see materials in which the child had shown an interest. Lastly, Husband and Terry admitted to making some weekend trips to Columbia and Myrtle Beach after Husband and Wife had separated. They testified that they went to visit Husband's relatives and slept in separate rooms. Their explanation was not contradicted.

Husband and Terry conceded to being close friends and to dating, but emphatically denied an adulterous relationship. While the evidence undoubtedly places Husband and Terry together on several occasions, that fact alone, without more, does not warrant the conclusion that adultery was committed. Therefore, the award of divorce based on adultery is reversed.

■ Divorce should have been granted the Husband for one-year continuous separation. At the outset of the hearing, the trial judge and attorneys had the following conversation:

THE COURT: All right, what is her ground for divorce?

MR. SALEEBY: Adultery.

THE COURT: Did he file a Counterclaim? What is his ground?

MR. ZEIGLER: Separation for more than one year.

THE COURT: If the parties can reach an agreement, I will grant it on the ground of separation for a year, but, of course, if they can't agree, then I'll have to let the chips fall where they may. Do you understand? What I'm trying to do is to get the parties together if they can. If they can't, of course, we'll go ahead and cross each bridge, I guess, as we get to it.

Since adultery was not proven, the divorce should be granted on the counterclaim for one-year continuous separation.

■ The trial judge granted various forms of financial relief to the Wife, including (1) $625/mo. alimony, (2) 50 per cent equity in the marital house, (3) most house-

hold furnishings, (4) medical expenses incurred prior to the separation, (5) country club dues, (6) reimbursement for son's high school expenses, (7) expenses necessary for Wife to attend Tec school. Husband does not contest the propriety of requiring alimony or of equitably distributing the marital home, but argues that the cumulative effect of total financial relief is excessive and unwarranted.

When the hearing was held, Husband's net income was approximately $1,400/month while Wife had no income. Wife desired to acquire secretarial skills by attending six quarters at Tec school. We think the case should be remanded for a redetermination of the alimony award in light of the present circumstances. We assume Wife has successfully completed her courses and is now capable of producing at least some income for herself. Also, the award of country club dues should be eliminated.

Husband was further ordered to pay the eighteen-year old son's future college expenses and to designate the son as irrevocable beneficiary of his life insurance policies as security for the educational expenses. Both of these provisions were appealed by Husband. Inasmuch as oral arguments before this Court revealed that the son had shown no desire to pursue an education after high school, these issues are moot and the provisions relative to education and insurance in the Order should be stricken.

Based on the foregoing reasons, this matter is reversed and remanded to the Family Court to: (1) award the divorce based on one-year separation; (2) to re-evaluate the alimony award; (3) to strike the provisions of the Order concerning college expenses and designation of beneficiary regarding the son; and (4) to eliminate country club dues.

Reversed and remanded.

NESS, GREGORY and HARWELL, JJ., concur.

LEWIS, C. J., did not participate.