0356

Joseph A. LOFTIS, Jr., Appellant, v.
Helen Raines Owens LOFTIS, Respondent.
(325 S. E. (2d) 73)

Court of Appeals

---

*Eddie P. Harbin*, of Greenville, *for appellant.*

*J. Redmond Coyle* and *Raymond C. Fischer*, both of Pickens, *for respondent.*

Heard Nov. 12, 1984.

Decided Jan. 7, 1985.

SANDERS, Chief Judge:

This is an appeal from an order of the Family Court denying a legal separation, granting a divorce on the ground of adultery and awarding attorney's fees. We affirm.

On appeal from an order of the Family Court, we have ■ jurisdiction to find facts based on our own view of the preponderance of the evidence. However, we are not required to disregard the findings of the trial judge who saw and heard the witnesses and was in a better position to evaluate their credibility. *Calcutt v. Calcutt*, S. C., 320 S. E. (2d) 55 (S. C. App. 1984).

Appellant Joseph A. Loftis and respondent Helen Raines Owens Loftis were married to each other on June 28, 1977, and separated in October 1980. The husband sued for a legal separation and the wife counterclaimed for a divorce, alleging adultery by the husband.

The husband first argues that the trial judge erred in failing to find him entitled to a legal separation and in finding the wife "had made out her case for divorce on the ground of adultery."

Adultery, by its very nature, is an activity which usually takes place in private. In recognition of this fact, our Supreme Court has quite realistically provided that no eyewitness testimony is required to prove adultery. *Brown v. Brown,* 215 S. C. 502, 56 S. E. (2d) 330 (1949). While adultery must be proved by a clear preponderance of the evidence, the proof may be circumstantial in nature. *Miller v. Miller,* 280 S. C. 314, 313 S. E. (2d) 288 (1984). As a general rule, such proof must be sufficiently definite to identify the time and place of the offense and the circumstances under which it was committed. *Lee v. Lee,* 237 S. C. 532, 118 S. E. (2d) 171 (1961). However, insufficiency in this respect should not be allowed to defeat a divorce where the court is fully convinced adultery has been committed and a party has had full opportunity to defend or refute the charge. *DuBose v. DuBose,* 259 S. C. 418, 192 S. E. (2d) 329 (1972).

It is uncontroverted that soon after moving out of the marital home, the husband began living in a house with a woman and her son, who was a friend of his at work. He admitted paying $200 of the $240 rent on the house in which they lived, buying groceries and paying $60 per month on the power bill. The wife testifed the husband told her he and the woman "were living together just like they were married." When cross-examined as to whether he had a conversation with the wife to this effect, the husband testified he did not "recollect saying that."

In our opinion, the trial judge did not err in denying the husband a legal separation and in granting the wife a divorce on the ground of adultery based on this evidence. In *Calcutt,* we held that where a husband admitted to living in the same house with his alleged paramour and the wife testified the alleged paramour told her she and the husband were "in love," this was sufficient evidence to support a finding of adultery by the husband.

The husband next argues that the trial judge erred in awarding his wife $400 in attorney's fees. The several factors which the court should consider in awarding attorney's fees are set out in *Nienow v. Nienow,* 268 S. C. 161, 232 S. E. (2d) 504 (1977). While the order here does not make findings with specific reference to these factors, this does not require reversal where the record supports a minimal award.

*Cooksey v. Cooksey,* 280 S. C. 347, 312 S. E. (2d) 581 (S. C. App. 1984). In our opinion the record here supports the minimal award of $400.

For these reasons, the order of the Family Court is

Affirmed.

GARDNER and BELL, JJ., concur.