## 0713

Sylvia Gail RABON, Respondent v. Leon Carl RABON, Appellant.
(344 S. E. (2d) 615)

Court of Appeals

*Frampton W. Durban, Jr.,* and *Walter Bilbro, Jr.,* of *Walter Bilbro & Association, P.A.,* Charleston, *for appellant.*

*James Craven,* Charleston, *for respondent.*

Heard April 21, 1986.

Decided May 19, 1986.

GOOLSBY, Judge:

Leon Carl Rabon appeals from the order of the family court granting his wife Sylvia Gail Rabon a divorce on the ground of physical cruelty, rejecting his claim of adultery, dividing the marital property, and awarding attorney fees to the wife. We affirm in part and remand in part.

1. We find no error in the family court's finding that the husband subjected the wife to physical cruelty and in its granting her a divorce on that basis.

Here, the preponderance of the evidence shows the husband committed several acts of actual personal violence upon the wife and engaged in a course of physical mistreatment of his wife as endangered her life, limb, or health and rendered her cohabitation with the husband unsafe. *Gibson v. Gibson*, 283 S. C. 318, 322 S. E. (2d) 680 (Ct. App. 1984). In addition to grabbing and pushing the wife into a patio screen and a counter, thus bruising her arm and hip, the husband previously had choked his wife, had displayed violent temper, and had threatened to kill his wife. The grabbing and pushing incident led to the police being summoned.

Although the choking episodes appear to have been condoned by the wife, the husband's subsequent cruel conduct revived the former acts and they together with the more recent incident of actual personal violence provide a basis for divorce on the ground of physical cruelty. *Womble v. Womble*, 214 Ga. 438, 105 S. E. (2d) 324 (1958); 27A C. J. S. *Divorce* § 62 at 214 (1959); *see McLaughlin v. McLaughlin*, 244 S. C. 265, 136 S. E. (2d) 537 (1964) ("condonation" is a conditional forgiveness of a previous offense of offending spouse and can be revoked by subsequent conduct).

The husband further argues the wife provoked his acts of physical cruelty. Provocation, it is true, will defeat a claim of physical cruelty, but only if the retaliatory cruelty is not out of all proportion to the provocation. *Godwin v. Godwin*, 245 S. C. 370, 140 S. E. (2d) 593 (1965); *Gibson v. Gibson, supra.*

Here, the alleged provocation for the husband's grabbing and pushing of his estranged wife consisted of the husband's seeing another man in the wife's home the night before the incident, the wife's ridiculing the husband on the day of the incident about his lack of education and about his past, and the wife's refusal immediately prior to the incident to talk with the husband about letting him return to the marital home. These acts, however, and we so find, were insufficient to excuse the husband's acts of personal violence which resulted in actual bodily harm to the wife. *Cf. Hendricks v. Hendricks*, 285 S. C. 591, 330 S. E. (2d) 553 (Ct. App. 1985) (Court of Appeals in appeals from the family court has jurisdiction to find acts in accordance with its own view of the preponderance of the evidence). The husband offered no excuse for choking his wife and threatening to kill her.

2. We find no reversible error in the family court's failure to consider the testimony of a part-time investigator employed by the husband's attorney.

The investigator testified to certain observations suggesting adultery on the part of the wife. The trial court determined the testimony "should be given little or no consideration."

Much deference is given on appeal to the trial court's decisions regarding the weight of the evidence and the credibility of witnesses. 27A C. J. S. *Divorce* § 194(7) at 828 (1959). Although we may determine the issues raised by the pleadings in an action for divorce according to our own view of the evidence, we nonetheless are inclined to give proper consideration to the fact that the trial judge saw the witnesses, heard the testimony of the witnesses delivered from the stand, and had the benefit of personal observation and contact with the witnesses. *Hodges v. Hodges*, 243 S. C. 299, 133 S. E. (2d) 816 (1963). We accord this deference to the trial judge here.

3. We likewise find no error in the family court's failure to find the wife guilty of adultery.

In South Carolina, "proof of adultery as a ground for divorce must be clear and positive and the infidelity must be established by a clear preponderance of the evidence." *Odom v. Odom*, 248 S. C. 144, 146, 149 S. E. (2d)

353, 354 (1966). If proof of guilt is inconclusive after due consideration of all the evidence, a divorce on the ground of adultery should be denied. *Lee v. Lee,* 237 S. C. 532, 118 S. E. (2d) 171 (1961).

■ Although we will not undertake here to recount the evidence concerning the wife's alleged adultery, we agree with the husband that the record suggests adultery on her part. Still, we feel the wife's alleged adultery was not "so clearly and conclusively shown, that there is no practical theory under which she could be innocent, when all of the evidence is considered together." *Meyer v. Hackler,* 219 La. 750. 755-756, 54 So. (2d) 7, 9 (1951).

4. We do not reach the husband's challenge to the fairness of the trial court's distribution of the marital property.

■ We cannot tell whether the division was fair or not since the trial court made no finding as to the value of the marital home and of the parties' personal property. A determination concerning the value of the marital home and of the personal property could well affect the division of the marital estate. We therefore remand this issue to the trial court for redetermination.

■ On remand, the trial court shall take the following steps in making an equitable distribution of the marital property, whether real or personal.

(1) Identify the specific real and personal property that may be apportioned between the parties;
(2) Determine the fair market value of the property;
(3) Determine whether both parties have made a material contribution to the acquisition of property and identify the proportionate contribution of each party; and
(4) Decide on the mechanics of the manner in which the property will be distributed.

*Smith v. Smith,* 280 S. C. 257, 312 S. E. (2d) 560 (Ct. App. 1984). In determining this issue, the trial court shall make specific findings of fact. *Atkinson v. Atkinson,* 279 S. C. 454, 309 S. E. (2d) 14 (Ct. App. 1983). It shall also consider the factors outlined in *Shaluly v. Shaluly,* 284 S. C. 71, 325 S. E. (2d) 66 (1985).

5. We agree with the husband's complaint concerning the attorney fee award.

The husband's complaint centers around the trial court's failure to comply with Family Court Rule 27(C) and this court's directives in *Atkinson v. Atkinson, supra.*

The trial court, in awarding the wife a $750 attorney fee, merely recited the relevant factors instead of making specific findings concerning them.

In *Tucker v. Tucker*, 282 S. C. 261, 317 S. E. (2d) 764 (Ct. App. 1984), the family court awarded an identical amount to the wife as an attorney fee; however, because the trial court failed to set forth the facts it relied upon in determining the amount, we remanded the issue for specific findings of fact. We elect to follow the same procedure in this case, particularly since the record is insufficient to permit adequate review by this court of the issue.

Affirmed in part and remanded in part.

GARDNER and CURETON, JJ., concur.