0939

Paulette M. HARTLEY, Respondent-Appellant v.
Mahlon (Skip) HARTLEY, Jr., Appellant-Respondent.
(355 S. E. (2d) 869)

Court of Appeals

*Larry L. Hanna* and *Randall K. Mullins,* Myrtle Beach, *for respondent-appellant.*

*Harry C. Wilson, Jr.,* Sumter, *for appellant-respondent.*

Heard March 24, 1987.

Decided April 27, 1987.

GOOLSBY, Judge:

In this domestic case, Paulette M. Hartley and Mahlon (Skip) Hartley, Jr., both appeal from the trial court's order granting Mr. Hartley a divorce on the ground of adultery, awarding custody of the parties' minor daughter to Mrs. Hartley, denying Mrs. Hartley's request for attorney fees, and limiting Mr. Hartley's visitation rights. We are satisfied, however, that the judgment should be affirmed.

Although we have jurisdiction in a case of this kind to find facts based on our own view of the preponderance of the evidence, we are not required to disregard the findings of the trial judge who saw and heard the witnesses and was in the better position to evaluate their testimony. *Mann v. Walker,* 285 S. C. 194, 328 S. E. (2d) 659 (Ct. App. 1985).

1. The trial court committed no error in granting Mr. Hartley a divorce on the ground of adultery and in refusing to grant Mrs. Hartley a divorce on the ground of one-year continuous separation.

Adultery as a ground of divorce must be established by a clear preponderance of the evidence. *Odom v. Odom,* 248 S. C. 144, 149 S. E. (2d) 353 (1966). Proof of adultery, however, may be established by circumstantial evidence. *Loftis v. Loftis,* 284 S. C. 216, 325 S. E. (2d) 73 (Ct. App. 1985). Evidence placing a spouse and a third party together on several occasions, without more, does not war-

rant the conclusion that adultery was committed. *Fox v. Fox*, 277 S. C. 400, 288 S. E. (2d) 390 (1982).

Here, the evidence does more than simply place Mrs. Hartley and a third party together.

On June 22, 1984, Mr. Hartley, his father and another person saw Mrs. Hartley and John D. Swope enter an apartment at Myrtle Beach and spend the night together. They were observed in various states of undress. Mr. Swope was photographed wearing his undershorts at 3:00 a.m. A detective testified that Mr. Swope visited Mrs. Hartley's home on November 19, 1984, from 7:54 p.m. until 11:48 p.m. and again on November 20, 1984, from 7:10 p.m. until 11:39 p.m. Mrs. Hartley confirmed Mr. Swope visited her home on both occasions. She also admitted that she "dated" Mr. Swope; however, she denied that she engaged in sexual relations with him after August 21, 1984.

Mrs. Hartley objects to the trial court's "including [the June 22, 1984] incident in [its] finding of an ongoing relationship in support of [its] conclusion that [Mr. Hartley] was entitled to a divorce on the ground of adultery" because the trial court in an order issued on November 2, 1984, after a hearing on August 21, 1984, dismissed with prejudice Mr. Hartley's claim for divorce based on any adultery committed by Mrs. Hartley before August 21, 1984. Without the June 22, 1984, incident, Mrs. Hartley argues, the record does not support a divorce on the ground of adultery.

Although the trial court was precluded from granting Mr. Hartley a divorce on the ground of adultery based on the June 22, 1984 incident, the trial court was not precluded from giving consideration to the incident in determining the issue of whether Mrs. Hartley had an adulterous relationship with Mr. Swope after August 21, 1984. The trial court could properly consider the June 22, 1984 incident as evidence that Mrs. Hartley and Mr. Swope were disposed to commit the offense if given the opportunity to do so. *Cf. Rabon v. Rabon*, 289 S. C. 49, 344 S. E. (2d) 615 (Ct. App. 1986) (wherein the court noted that condonation can be revoked by subsequent conduct). Where there is proof that a spouse and the spouse's paramour are both disposed to commit adultery and the opportunity has existed for them to satisfy their inclinations, a finding of adultery is allowed. 27A C. J. S. *Divorce* § 166 at 337 (1986); *Id*, § 193b at 383.

Since we have found that the trial court committed no error in granting Mr. Hartley a divorce on the ground of adultery, the trial court was not required to address Mrs. Hartley's claim for divorce on the ground of one-year continuous separation. *Anders v. Anders*, 285 S. C. 512, 331 S. E. (2d) 340 (1985).

2. The trial court committed no error in refusing to award Mrs. Hartley attorney fees.

An award of attorney fees is generally discretionary with the trial court. *Edens v. Edens*, 273 S. C. 303, 255 S. E. (2d) 856 (1979); *McNaughton v. McNaughton*, 258 S. C. 554, 189 S. E. (2d) 820 (1972); *Collins v. Collins*, 283 S. C. 526, 324 S. E. (2d) 82 (Ct. App. 1984); S. C. Code of Laws § 20-3-140 (1976). Our review of the record reveals no abuse of discretion by the trial court in not awarding attorney fees to Mrs. Hartley.

3. The trial court committed no error in awarding custody of the parties' minor child to Mrs. Hartley.

Mr. Hartley contends the trial court should have awarded him custody of the parties' three year old daughter because of Mrs. Hartley's ongoing adulterous relationship with Mr. Swope and because of Mrs. Hartley's neglect of the daughter. Regarding the latter contention, Mr. Hartley found numerous flea bites on the daughter when he picked her up for visitation.

In custody matters, the court's paramount concern is the welfare and best interest of the child. *Matthews v. Matthews*, 273 S. C. 130, 254 S. E. (2d) 801 (1979). In determining the best interest of the child, the court must consider the facts of the past and the present and predict "which of the two available environments will advance the best interest of the child and bring about the best adjusted mature individual." *Cook v. Cobb*, 271 S. C. 136, 142, 245 S. E. (2d) 612, 615 (1978). A parent's morality, while a proper consideration, is "limited in its force to what relevancy it has, either directly or indirectly, to the welfare of the child." *Davenport v. Davenport*, 265 S. C. 524, 527, 220 S. E. (2d) 228, 230 (1975). The award of a child's custody is a matter that rests largely within the discretion of the trial court. *Adams v. Adams*, 262 S. C. 85, 202 S. E. (2d) 639 (1974).

We find no abuse of discretion on the part of the trial court in awarding custody of the parties' daughter to the mother. There is no evidence in the record that the daughter's welfare has been adversely affected in any substantial way by Mrs. Hartley's relationship with Mr. Swope. Our own examination of the record did not uncover any evidence that Mrs. Hartley and Mr. Swope engaged in sexual acts in the presence of the daughter. *See Stroman v. Williams*, 291 S. C. 376, 353 S. E. (2d) 704 (Ct. App., 1987) (wherein the court rejected the father's contention that the mother's lesbian relationship with another woman did not entitle the father to custody of the parties daughter absent a showing that the daughter was being exposed to deviant sexual acts or that her welfare was being adversely affected in any substantial way).

As to the flea bites, the mother promptly sought medical attention for the child on learning of the bites and had her house treated for flea infestation by an exterminating company.

4. The trial court committed no error in restricting Mr. Hartley's visitation rights.

Mr. Hartley contends the trial court abused its discretion in restricting Mr. Hartley's visits with the daughter to his parents' home in Columbia. Mr. Hartley resides in Myrtle Beach.

The question of limiting visitation rights is a matter addressed to the broad discretion of the trial court. In the absence of a clear abuse of discretion, the trial court's order limiting visitation rights will not be disturbed on appeal. *Porter v. Porter*, 246 S. C. 332, 143 S. E. (2d) 619 (1965). We find no abuse of discretion here.

We note that, when the parties entered into a settlement agreement approved by the trial court on November 2, 1984, Mr. Hartley agreed to an all but identical provision temporarily restricting his rights of visitation.

More particularly, like the trial court, we too are bothered by the fact that two small children from former marriages died accidentally while in the father's sole custody within months of each other. The circumstances surrounding their deaths, unnecessary to recount here, suggest that Mr. Hartley may have provided both children something less

than adequate care and attention. Visitation with the child in the presence of his parents is appropriate under the circumstances.

Affirmed.

SANDERS, C. J., and CURETON, J., concur.