0996

Gerda FULTON, Appellant v. Doward FULTON, Respondent.

(359 S. E. (2d) 89)

Court of Appeals

*Mary J. Wiesen-Kosinski,* Aiken, *for appellant.*

*William G. Lynn, Jr.,* Aiken, *for respondent.*

Heard June 24, 1987.

Decided July 20, 1987.

GOOLSBY, Judge:

In this domestic case, Gerda Fulton appeals from the family court's order granting Doward Fulton a divorce on the ground of adultery and denying her alimony because of her adultery. The dispositive issue on appeal is whether the evidence supports the family court's finding that Mrs. Fulton committed adultery. We reverse and remand.

In South Carolina, "proof of adultery as a ground for
■   divorce must be clear and positive and the infidelity must be established by a clear preponderance of the evidence." *Odom v. Odom,* 248 S. C. 144, 146, 149 S. E. (2d) 353, 354 (1966). A divorce on the ground of adultery should be denied if proof of guilt is inconclusive following the

consideration of all the evidence. *Rabon v. Rabon,* 289 S. C. 49, 344 S. E. (2d) 615 (Ct. App. 1986).

■ The charge of adultery, however, need not be established by direct evidence because, owing to the clandestine nature of the offense, it is rarely possible to obtain evidence of the commission of the act by the testimony of eyewitnesses. Loftis v. Loftis, 284 S. C. 216, 325 S. E. (2d) 73 (Ct. App. 1985). Thus, the offense may be proved by circumstantial evidence. *Anders v. Anders* 285 S. C. 512, 331 S. E. (2d) 340 (1985). Circumstantial proof of adultery must be so convincing as to exclude any other reasonable hypothesis but that of guilt. *Hayes v. Hayes,* 225 La. 374, 73 So. (2d) 179 (1954); *see Rabon v. Rabon, supra,* (wherein the court held that the trial court did not err in failing to find the wife guilty of adultery where the wife's alleged adultery was not so clearly and conclusively shown that there was, considering all the evidence, no practical theory under which she could be innocent).

Proof of adultery by circumstantial evidence, to be sufficient, must establish both "a disposition to commit the offense and the opportunity to do so." 27A C.J.S. *Divorce* § 193 at 383 (1986); *Hartley v. Hartley,* 292 S. C. 245, 355 S. E. (2d) 869 (Ct. App. 1987). Evidence that places a spouse and a third party together on different occasions, without more, will not warrant the conclusion that adultery was committed. *Fox v. Fox,* 277 S. C. 400, 288 S. E. (2d) 390 (1982).

■ Here, the evidence simply shows that Mrs. Fulton, another woman, and two men on three different occasions spent the night in a house occupied by the two men. An investigator identified the woman as Jeanette Henderson and the two men as Frank Cushman and Harvey Heath. Mr. Heath is Mrs. Fulton's sponsor in Alcoholics Anonymous and her alleged paramour.

While this evidence might be sufficient to establish that Mrs. Fulton and Mr. Heath had the opportunity to commit adultery, it is not enough to show that they were mutually disposed to commit the offense. *Fox v. Fox, supra; cf. Anders v. Anders, supra* (wherein the Supreme Court upheld a finding of adultery where the alleged paramour lived in a one bedroom apartment, took the wife on several occasions to local nightclubs, and the wife was alone with the alleged

paramour in his apartment for a lengthy period of time). The ruling of the family court, therefore, is wrong.

Accordingly, the judgment is reversed and the case is remanded.

Reversed and remanded.

SANDERS, C. J., and BELL, J., concur.