THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Linda E. Whetsell, Appellant,
v.
Kermit T. Whetsell, Respondent.
 
 
 

Appeal From Dorchester County
 William J. Wylie, Jr., Family Court Judge

Unpublished Opinion No. 2007-UP-112
Submitted January 1, 2007  Filed March 7, 2007

AFFIRMED IN PART, REVERSED IN PART, and REMANDED

 
 
 
Deborah K. Lewis, of Charleston, for Appellant.
James A. Bell, of St. George, and James B. Richardson, Jr., of Columbia, for Respondent.
 
 
 

PER CURIAM:  In this appeal from the family court, Linda Whetsell (Wife) appeals the family courts failure to grant her a divorce on the grounds of adultery and desertion.  Wife also contends the family court erred in failing to award her alimony and attorneys fees.  We affirm in part, reverse in part, and remand. 
FACTS
Kermit Whetsell (Husband) and Wife married on June 26, 1971.  Toward the end of the marriage, Husband regularly returned home late at night.  On July 14, 2002, Husband returned home around four oclock in the morning, and Wife became upset and asked him to leave.  Since that time, Husband and Wife have lived at all times in separate households.  On August 29, 2004, Wife filed for divorce on the grounds of adultery, desertion, and one years continuous separation.  Wife also requested alimony and attorneys fees.  The parties reached an agreement regarding the division of marital assets and debts.  
Pursuant to the agreement, Wife received the marital home, two vehicles, fifty percent of Husbands pension plan, and the parties time share, which was in foreclosure.  Also, Wife received fifty percent of Husbands 401(k) account, offset by the value of her 401(k) account, which she retained in full.  Husband received his share of inherited family property, a 1981 double-wide home, two vehicles, and the remaining funds in his pension and 401(k) plans.  Additionally, the parties were solely responsible for the mortgages, taxes, and insurance on their respective assets as well as for their own debts. 
At the time of the divorce hearing, Wife was 52 years old and Husband was 54 years old.  Wife worked as a medical courier and had gross earnings of $1,780.72 per month and net earnings of $1,156 per month.  Husband worked as a meter reader and had gross earnings of $3,144.26 per month and net earnings of $2,214.91 per month.  In 2004, Husband reported earnings of $41,969.41 and Wife reported earnings of $22,439.25.  
At the hearing, Wife testified the marriage had been a roller coaster ride.  The marriage was damaged by Husbands gambling and involvement with pornography.  She testified they used to take family trips around the country, but since the separation, her lifestyle was almost null and void because she did not have much money to [be able to] do anything.  Following the separation, she has been experiencing financial difficulty and has received help from her family to buy food and to pay her phone bill.  Further, her brother and sister paid for her to go to a family reunion because she could not afford it.  Wife claimed that after their separation, Husband continued to bowl regularly and take trips.  
Wife testified she believed Husband had an affair because he was never home.  He would sometimes not tell her who he was with, and she testified he told her that he had found someone else.  She believed Husband had an affair with Loretta Coker because he is currently living at Cokers residence.  As further evidence of Husbands alleged adultery, Wife presented a charge to Flowers and Things on the parties joint bank statement, made after their separation, for flowers she neither sent nor received.  On cross-examination, Wife acknowledged that on the day she alleged flowers were purchased for $7.50, Flowers and Things credited the account $14.
Wifes niece, Milicent Haynes, testified she saw Husband at a basketball game with Coker.  Haynes stated they were not lovey-dovey.  In fact, Husbands grandson was sitting between the two of them.  Haynes testified that Husbands daughter had pointed out Coker at the mall as daddys girlfriend or friend.  
Husband responded that he currently resides in the residence with Coker, her uncle, and her granddaughter.  Further, he pays rent of $434 per month.  He admitted that he gambled during the marriage and that he still occasionally gambles.  
Husband acknowledged that during the marriage, he stayed out until four oclock in the morning on occasion but claimed Wife knew he was going to see his brothers band.  He acknowledged gambling during the marriage and that he still occasionally gambles.  
The family court found Wife failed to prove adultery by a clear preponderance of the evidence and granted the divorce on the ground of one years continuous separation.  Based upon the sole finding that neither party was more at fault in causing the breakup of the marriage, the family court denied Wife alimony.  Further, the family court ordered the parties to pay their own attorneys fees and costs.  The family court approved the parties agreement and resolved the remaining issues.  This appeal followed. 
STANDARD OF REVIEW
On appeal from a family court order, this Court has authority to correct errors of law and find facts in accordance with its own view of the preponderance of the evidence. 
E.D.M. v. T.A.M., 307 S.C. 471, 473, 415 S.E.2d 812, 814 (1992).  When reviewing decisions of the family court, we are cognizant of the fact that it had the opportunity to see the witnesses, hear the testimony delivered from the stand, and had the benefit of that personal observance of and contact with the parties which is of peculiar value in arriving at a correct result in a case of this character.  DuBose v. DuBose, 259 S.C. 418, 423, 192 S.E.2d 329, 331 (1972); see also 
Scott v. Scott, 354 S.C. 118, 124, 579 S.E.2d 620, 623 (2003) (Because the family court is in a superior position to judge the witnesses demeanor and veracity, its findings should be given broad discretion.). 
When the evidence is conflicting and susceptible of different inferences, the family court has the duty of determining not only the law of the case, but the facts as well, because it had the benefit of observing the witnesses and determining how much credence to give each ones testimony.  Anders v. Anders, 285 S.C. 512, 514, 331 S.E.2d 340, 341 (1985); see also Woodall v. Woodall, 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996) (holding when evidence is disputed, the appellate court may adhere to the family courts findings). 
LAW/ANALYSIS
I.  Divorce on the Ground of Adultery
Wife argues the family court erred in failing to grant her a divorce on the ground of adultery.  We disagree.
[P]roof of adultery as a ground for divorce must be clear and positive[,] and the infidelity must be established by a clear preponderance of the evidence.  Odom v. Odom, 248 S.C. 144, 146, 149 S.E.2d 353, 354 (1966).  A preponderance of the evidence is evidence which convinces as to its truth.  DuBose v. DuBose, 259 S.C. 418, 424, 192 S.E.2d 329, 331 (1972).  Because of the clandestine nature of adultery, obtaining evidence on the commission of the act by eyewitness testimony is rarely possible, and direct evidence is not necessary to establish the charge. 
Fulton v. Fulton, 293 S.C. 146, 147, 359 S.E.2d 88, 88 (Ct. App. 1987).  
Adultery may be proven by circumstantial evidence, but it must be so convincing as to exclude any other reasonable hypothesis but that of guilt.  Fulton, 293 S.C. at 147, 359 S.E.2d at 88.  Proof of adultery by circumstantial evidence must establish both a disposition and opportunity to commit the offense.  Hartley v. Hartley, 292 S.C. 245, 247, 355 S.E.2d 869, 871 (Ct. App. 1987).  Generally, proof must be sufficiently definite to identify the time and place of the offense and the circumstances under which it was committed.  Loftis v. Loftis, 284 S.C. 216, 218, 325 S.E.2d 73, 74 (Ct. App. 1985).  However, a divorce on the ground of adultery should be denied if proof of the offense is inconclusive following the consideration of all the evidence.  Rabon v. Rabon, 289 S.C. 49, 53, 344 S.E.2d 615, 617 (Ct. App. 1986).
Wifes only evidence of adultery is Husband now resides, along with two other individuals, in a house owned by Coker.  Husband and Coker also bowl together, occasionally have dinner with one another, and they attend basketball games together.  Wife also testified that Husband told her he found someone else.  Evidence placing a spouse and a third party together on several occasions, without more, does not warrant the conclusion that the spouse committed adultery.  Fox v. Fox, 277 S.C. 400, 402, 288 S.E.2d 390, 391 (1982).  
Wife fails to provide convincing evidence of Husbands romantic demonstrations toward Coker.  See McElveen v. McElveen, 332 S.C. 583, 598, 506 S.E.2d 1, 8 (Ct. App. 1998) ([T]here is virtually no evidence of a romantic or sexual relationship between the two.  The trial judge commented in his final order on the lack of evidence to support a showing
of inclination, noting there were no love letters, romantic cards, no hand-holding, hugging, kissing, or any other romantic demonstrations or actions between the two.).  Wife may have demonstrated opportunity for Husband to commit adultery, but she presented no evidence that Husband ever was alone with the alleged paramour, nor any evidence of a romantic relationship between the two.  
Accordingly, the family court did not abuse its discretion when it denied Wifes request for a divorce on the ground of adultery.
II.  Divorce on the Ground of Desertion
Next, Wife maintains the family court erred in failing to grant her a divorce on the ground of desertion.  
We decline to address this issue because it is not preserved for our review.  Although Wife raised this issue in her complaint, the family court failed to rule on it, and Wife did not file a Rule 59(e), SCRCP, motion.  When the family court makes a general ruling on an issue, but it does not address the specific argument raised by the appellant, and the appellant does not make a motion to alter or amend pursuant to Rule 59(e), SCRCP, to obtain a ruling on the argument, this Court cannot consider the argument.  Floyd v. Floyd, 365 S.C. 56, 73, 615 S.E.2d 465, 474 (Ct. App. 2005).  Accordingly, Wifes request for a divorce on the grounds of desertion is not preserved for review on appeal.
III.  Alimony
Wife argues the family court erred in denying her request for alimony.  We agree.
The amount to be awarded for alimony, as well as a determination of whether the spouse is entitled to alimony, is within the sound discretion of the family court.  Smith v. Smith, 264 S.C. 624, 628, 216 S.E.2d 541, 543 (1975).  An abuse of discretion occurs when the decision is controlled by an error of law or is based on factual findings that are without evidentiary support. 
Degenhart v. Burriss, 360 S.C. 497, 500, 602 S.E.2d 96, 97 (Ct. App. 2004).  
The purpose of alimony is to place the supported spouse, as close as is practical, in the same position of support as during the marriage.  Johnson v. Johnson, 296 S.C. 289, 300, 372 S.E.2d 107, 113 (Ct. App. 1988).  If the claim for alimony is well-founded, the family court has the duty of making an alimony award that is fit, equitable, and just.  Allen v. Allen, 347 S.C. 177, 184, 554 S.E.2d 421, 424 (Ct. App. 2001).  The family court must consider the following factors in awarding alimony: 

(1) the duration of the marriage together with the ages of the parties at the time of the marriage and at the time of the divorce or separate maintenance action between the parties; (2) the physical and emotional condition of each spouse; (3) the educational background of each spouse, together with need of each spouse for additional training or education in order to achieve that spouses income potential; (4) the employment history and earning potential of each spouse; (5) the standard of living established during the marriage; (6) the current and reasonably anticipated earnings of both spouses; (7) the current and reasonably anticipated expenses and needs of both spouses; (8) the marital and nonmarital properties of the parties, including those apportioned to him or her in the divorce or separate maintenance action; (9) custody of the children, particularly where conditions or circumstances
render it appropriate that the custodian not be required to seek employment outside the home, or where the employment must be of a limited nature; (10) marital misconduct or fault of either or both parties, whether or not used as a basis for a divorce or separate maintenance decree if the misconduct affects or has affected the economic circumstances of the parties, or contributed to the breakup of the marriage, except that no evidence of personal conduct which may otherwise be relevant and material for the purpose of this subsection may be considered with regard to this subsection if the conduct took place subsequent to the happening of the earliest of (a) the formal signing of a written property or marital settlement agreement or (b) entry of a permanent order of separate maintenance and support or of a permanent order approving a property or marital settlement agreement between the parties; (11) the tax consequences to each party as a result of the particular form of support awarded; (12) the existence and extent of any support obligation from a prior marriage or for any other reason of either party; and (13) such other factors the court considers relevant.

S.C. Code Ann. § 20-3-130(C) (Supp. 2005).
Further, the South Carolina Supreme Court has stated: Three important factors in awarding periodic alimony are (1) the duration of the marriage; (2) the overall financial situation of the parties, especially the ability of the supporting spouse to pay; and (3) whether either spouse was more at fault than the other.  Patel v. Patel, 359 S.C. 515, 529, 599 S.E.2d 114, 121 (2004).  
In its order, the family court held: [N]either party is more at fault than the other [in] causing the breakup of the parties marriage.  Therefore, [Wifes] request for alimony is denied.  The family court failed to mention any of the other thirteen factors or reference the statute.  Our case law and court rules are clear that the family court must make specific findings of fact on the record for each of the required factors that the court considers in making its decisions. 
Griffith v. Griffith, 332 S.C. 630, 646, 506 S.E.2d 526, 534-35 (Ct. App. 1998); see also Atkinson v. Atkinson, 279 S.C. 454, 456-57, 309 S.E.2d 14, 15 (Ct. App. 1983) (holding the family court, on remand, must set forth specific findings of fact concerning alimony factors).
Rule 26(a), SCRFC, provides that [a]n order or judgment pursuant to an adjudication in a domestic relations case shall set forth the specific findings of fact and conclusions of law to support the courts decision.  When an order violates Rule 26(a), SCRFC, this Court may remand the matter to the family court, or if the record is sufficient, make its own findings of fact in accordance with the preponderance of the evidence.  Holcombe v. Hardee, 304 S.C. 522, 524, 405 S.E.2d 821, 822 (1991).  
In the present case, we make our own findings of fact and find Wife is entitled to an award of alimony.  While these statutory factors are not the only ones to consider in awarding alimony, we believe they provide a sufficient basis to support an award of alimony.  The parties were married for thirty-three years.  Husband earns significantly more than Wife.  On their 2004 income taxes, Husband reported earnings of $41,969.41 and Wife reported earnings of $22,439.25.  Husbands current expenses are $2,359.63 and Wifes expenses are $2,210.69.  Because Husband earns significantly more than Wife, we surmise that while his expenses are only slightly higher, he can pay them with greater ease than Wife.  Husband appears to enjoy the same or a similar standard of living that he was accustomed to during their marriage. On the other hand, the record indicates that Wifes standard of living was higher during the parties marriage, and due to the divorce, she now experiences financial difficulties.   An award of alimony would place Wife in a position of support similar to that which she enjoyed during marriage. See Smith, 264 S.C. at 628, 216 S.E.2d at 543.
Because the record provides sufficient evidence to support an award, we find the family court erred in denying Wife alimony.  We remand to the family court to determine the proper amount of alimony considering all of the factors, not just fault.  Furthermore, once the family court determines the appropriate award, Wife is entitled to retroactive alimony from the date of the original order.
IV.  Attorneys Fees
Wife argues the family court erred in denying her request for attorneys fees.  We agree.
The family court has discretion in deciding whether to award attorneys fees, and its decision will not be overturned absent an abuse of discretion.  Donahue v. Donahue, 299 S.C. 353, 365, 384 S.E.2d 741, 748 (1989).  An abuse of discretion occurs when the decision is controlled by an error of law or is based on factual findings that are without evidentiary support. 
Degenhart, 360 S.C. at 500, 602 S.E.2d at 97.  
Section 20-7-420(A)(38) of the South Carolina Code (Supp. 2005) authorizes the family court to award attorneys fees.  In deciding whether to award attorneys fees, the family court should consider: (1) each partys ability to pay his or her own fee; (2) the beneficial results obtained by the attorney; (3) the parties respective financial conditions; and (4) the effect of the fee on each partys standard of living. 
E.D.M., 307 S.C. at 476-77, 415 S.E.2d at 816.  If an award of attorneys fees is appropriate, the reasonableness of the fees should be determined according to:
(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) the professional standing of counsel; (4) the contingency of compensation; (5) the beneficial results obtained; and (6) the customary legal fees for similar services. 
Glasscock v. Glasscock, 304 S.C. 158, 161, 403 S.E.2d 313, 314 (1991).
As with alimony, [o]ur case law and court rules make clear that when a contract or statute authorizes an award of attorneys fees, the trial court must make specific findings of fact on the record for each of the required factors to be considered.  Griffith, 332 S.C. at 646, 506 S.E.2d at 534-35; see also Atkinson, 279 S.C. at 457, 309 S.E.2d at 16 (remanding to the family court for specific findings of fact in determining whether to award attorneys fees).  The family court did not make any findings of fact or acknowledge the appropriate factors in determining whether to award attorneys fees.  Accordingly, we remand the issue of attorneys fees to the family court. 
Additionally, the award of alimony is a beneficial result, which will bear on the family courts decision to award attorneys fees.  In light of this fact, the family court should reconsider the issue of attorneys fees.  Peirson v. Calhoun, 308 S.C. 246, 255, 417 S.E.2d 604, 609 (Ct. App. 1992); see also Epperly v. Epperly, 312 S.C. 411, 416, 440 S.E.2d 884, 886-87 (1994) (As to the beneficial result obtained, it is clear that Wife did not prevail in
the initial action.  However, upon appeal, she has succeeded in part.  Therefore, this issue is remanded to the [f]amily [c]ourt for reconsideration.).  On remand, the family court should consider all of the factors set forth in
E.D.M., make the appropriate findings of fact, and decide whether to award Wife attorneys fees.  If the family court awards Wife attorneys fees, it should determine what amount to award according to the factors provided in Glasscock.  
CONCLUSION
Accordingly the family courts decision is
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.[1]
HEARN, C.J., KITTREDGE, and WILLIAMS, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.