THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina Department of Social Services, Respondents,
 
 
 

v.

 
 
 
 C.E., R.E., C.E., B.D.,  R.D., Defendants,
 Of whom C.E., R.E., and C.E. are Respondents,
 and B.D. and R.D. are Appellants.
 In the interest of a minor child under the age of 18.
 
 
 

Appeal From Lexington County
 Richard W. Chewning, III, Family Court
Judge

Unpublished Opinion No. 2011-UP-375
 Submitted July 1, 2011  Filed July 21,
2011    

AFFIRMED

 
 
 
 Michelle
 M. Dickerson, of West Columbia, for Appellants.
 Kenneth
 C. Hanson, of Columbia, and Rose Mary McGregor, of Lexington, for Respondents.
 Jeremy
 C. Martin, of Chapin, for Guardian ad Litem.
 
 
 

PER CURIAM: B.D. and R.D. (Foster Parents) appeal from the
 family court's permanency planning order placing custody of Child with R.E. and
 C.E. (Grandparents).  Specifically, Foster Parents argue the family court erred in (1)
 making conclusory findings of fact in the permanency planning order that were
 not supported by the evidence and were contrary to the family court's oral
 ruling; (2) making a conclusory finding in the permanency planning order that
 it was in the best interest of Child to be transferred to Grandparents when the
 evidence did not support such a finding; (3) failing to comply with section
 63-7-1700(G) of the South Carolina Code (Supp. 2010); and (4) excluding the
 testimony of Foster Parents' expert witness and failing to consider the
 expert's testimony in its ruling.  We affirm.[1]   
On
 appeal from the family court, this court reviews factual and legal issues de
 novo.  Simmons v. Simmons, __ S.C. __, 709 S.E.2d 666, 667 (2011); see Lewis v. Lewis, __ S.C. __, 709 S.E.2d 650, 651 (2011).  Although this
 court reviews the family court's findings de novo, we are not required to
 ignore the fact that the trial court, who saw and heard the witnesses, was in a
 better position to evaluate their credibility and assign comparative weight to
 their testimony.  Lewis, __ S.C. at __, 709 S.E.2d at 651.  The burden
 is upon the appellant to convince this court that the family court erred in its
 findings.  Id.          
"In
 appeals from the family court, the appellate court has the authority to find
 the facts in accordance with its view of the preponderance of the
 evidence."  Ex parte Morris, 367 S.C. 56, 61, 624 S.E.2d 649, 652
 (2006).  "This broad scope of review does not, however, require the
 appellate court to disregard the findings of the family court."  Id. 
 "This degree of deference is especially true in cases involving the
 welfare and best interests of a minor child."  Id. at 62, 624 S.E.2d
 at 652.
1. Foster
 Parents' first argument is without merit because the family court's findings of
 fact in its permanency planning order were supported by evidence in the
 record.   Additionally, in
 South Carolina, "[i]t is well settled that [the court] is not bound by a
 prior oral ruling and may issue a written order which is in conflict with the
 oral ruling."  Corbin v. Kohler Co., 351 S.C. 613, 621, 571 S.E.2d
 92, 97 (Ct. App. 2002).  Accordingly, the argument that the oral ruling and the
 order conflict is also without merit.
2. "In
 custody matters, the court's paramount concern is the welfare and best interest
 of the child."  Hartley v. Hartley, 292 S.C. 245, 248, 355 S.E.2d
 869, 872 (Ct. App. 1987).  We hold the family court correctly found custody
 with the Grandparents was in the Child's best interest.  Specifically, a
 homestudy conducted through the Interstate Compact on the Placement of Children
 approved Grandparents, finding Grandparents fit and willing relatives. 
 Additionally, Child will reside with two siblings who live with Grandparents
 and are doing well.  Moreover, Child will continue to have a relationship with
 Child's biological family in a stable environment.  Finally, DSS recommended
 Child be awarded to Grandparents.  Although Foster Parents provided good care
 for Child and were making preparations to adopt Child, because DSS's permanency
 plan is "custody or guardianship with a fit and willing relative,"
 the family court properly assessed the viability of Grandparents as appropriate
 custodians under the applicable statute and found Grandparents satisfied the
 best interests of Child.  See S.C. Code Ann. § 63-7-1700(C) (Supp.
 2010).  
3. Foster Parents' third argument is without merit because
 the family court was not operating under section 63-7-1700(G), but rather under
 section 63-7-1700(C) of the South Carolina Code (Supp. 2010).  Section
 63-7-1700(C) is appropriate when the family court is approving a permanency
 plan, and it provides "[i]f the [family] court approves a plan that is not
 reunification with the parents, custody or guardianship with a fit and willing
 relative, or termination of parental rights, the [family] court must find
 compelling reasons for approval of the plan and that the plan is in the child's
best interests."  Alternatively, section 63-7-1700(G) provides:

 If after
 assessing the viability of adoption, the department demonstrates that
 termination of parental rights is not in the child's best interests, the court
 may award custody or legal guardianship, or both, to a suitable, fit, and
 willing relative or nonrelative if the court finds this to be in the best
 interest of the child; however, a home study on the individual whom the
 department is recommending for custody of the child must be submitted to the
 court for consideration before custody or legal guardianship, or both, are
 awarded.  The court may order a specified period of supervision and services
 not to exceed twelve months, and the court may authorize a period of visitation
 or trial placement prior to receiving a home study.  

Here,
 the family court was not assessing the viability of adoption but, rather, was
 approving a permanency plan.  Accordingly, because section 63-7-1700(G) was
 inapplicable, the family court was not required to meet those requirements.
4. Foster
 Parents' fourth argument is without merit.  After reviewing the testimony of
 Foster Parents' expert witness under this court's broad scope of review, we
 find the exclusion of the expert's testimony was harmless because the testimony
 was merely cumulative to other evidence presented at the hearing.  See State
 v. Pipkin, 359 S.C. 322, 328, 597 S.E.2d 831, 834 (Ct. App. 2004)
 ("Even if excluded in error, the exclusion of evidence which would be merely
 cumulative to other evidence . . . is harmless.").  Accordingly, any error
 resulting from the exclusion of the expert's testimony was harmless because of
 its cumulative nature.  
AFFIRMED.
WILLIAMS, KONDUROS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.