**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**
**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nina "Cherie" Blackburn, Respondent,

v.

Brian Anthony Blackburn, Appellant.

Appellate Case No. 2016-000107

Appeal From Florence County
A. E. Morehead, III, Family Court Judge

Unpublished Opinion No. 2018-UP-276
Submitted March 22, 2018 – Filed June 27, 2018

**AFFIRMED**

Marian Dawn Nettles, of Nettles Turbeville & Reddeck, of Lake City; and Brendan Padgett Barth, of Barth, Ballenger & Lewis, LLP, of Florence, both for Appellant.

Cheryl Turner Hopkins, of Law Office of Cheryl Turner Hopkins, and Brooke Ashleigh Grooms, both of Florence, for Respondent.

**PER CURIAM:** Brian Blackburn (Husband) appeals the family court's order, arguing the court erred in (1) finding he failed to establish inclination on behalf of Nina Blackburn (Wife) to commit adultery; (2) failing to find his case was proven

by the clear preponderance of the evidence; (3) failing to bar Wife from receiving alimony; and (4) awarding Wife additional attorney's fees and costs and denying his motion for attorney's fees and costs.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to Husband's argument the alleged circumstances showed by the clear preponderance of the evidence Wife had the opportunity to commit adultery as well as the inclination[1]: *Odom v. Odom*, 248 S.C. 144, 146, 149 S.E.2d 353, 354 (1966) ("The proof of adultery as a ground for divorce must be clear and positive and the infidelity must be established by a clear preponderance of the evidence. The proof must be sufficiently definite to identify the time and place of the offense, and the circumstances under which it was committed."); *DuBose v. DuBose*, 259 S.C. 418, 424, 192 S.E.2d 329, 331 (1972) (stating a "preponderance of the evidence" is evidence that convinces as to its truth); *Nemeth v. Nemeth*, 325 S.C. 480, 484, 481 S.E.2d 181, 183 (Ct. App. 1997) ("Circumstantial evidence showing the opportunity and inclination to commit adultery is sufficient to establish a *prima facie* case."); *Fulton v. Fulton*, 293 S.C. 146, 147, 359 S.E.2d 88, 88 (Ct. App. 1987) (providing adultery may be proven by circumstantial evidence, but it "must be so convincing as to exclude any other reasonable hypothesis but that of guilt"); *Rabon v. Rabon*, 289 S.C. 49, 53, 344 S.E.2d 615, 617 (Ct. App. 1986) (stating a divorce on the ground of adultery should be denied if proof of the offense is inconclusive following the consideration of all the evidence); *Fox v. Fox*, 277 S.C. 400, 402, 288 S.E.2d 390, 391 (1982) (holding evidence placing a spouse and a third party together on several occasions, without more, does not warrant the conclusion the spouse committed adultery); *McElveen v. McElveen*, 332 S.C. 583, 598, 506 S.E.2d 1, 8-9 (Ct. App. 1998) (stating the party arguing adultery occurred bears the burden at trial, as he or she does on appeal, of convincing the court that the spouse committed adultery), *disapproved of on other grounds* by *Wooten v. Wooten*, 364 S.C. 532, 553, 615 S.E.2d 98, 108 (2005).[2]

2.      As to Husband's argument the family court abused its discretion in awarding attorney's fees to Wife and denying his motion for attorney's fees: *Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) ("[A]n issue cannot be raised

---

[1] We combine Husband's first two issues into this argument.
[2] Husband further argues the family court erred in failing to bar alimony because of Wife's alleged adultery.  Because we agree with the family court that the facts do not support a finding of adultery, the statutory bar to alimony does not apply.

for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved.").

**AFFIRMED.**[3]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.