18390

Nancy Joan BUERO, Respondent, v. William A. BUERO, Appellant
(143 S. E. (2d) 719)

*Paul N. Uricchio, Jr., Esq.,* of Charleston, *for Appellant,*

*Robert B. Wallace, Esq.,* of Charleston, *for Respondent,*

August 17, 1965.

LEWIS, Justice.

This action was brought by the wife against the husband for a divorce upon the ground of physical cruelty. She also sought custody of the three minor children of the parties, support and counsel fees. The answer of the husband denied the material allegations of the complaint and interposed,

in effect, the defense of condonation, alleging that the parties were living together as husband and wife at the commencement of this action and were continuing to so live together in the same home. The issues were referred to a special master who found that the husband had been guilty of physical cruelty; and that, although the parties were still occupying the same home, they were not living together as husband and wife, and therefore, there had been no condonation. The special master then recommended that a divorce be granted; that custody of the children be awarded to the wife; and that the husband be required to pay support for the wife and children. Upon exceptions being filed to the master's report, his foregoing recommendations were adopted and made the judgment of the court, from which the husband has prosecuted this appeal.

While the exceptions on appeal challenge the judgment of the lower court in practically all respects, we need only consider those which relate to the issues of condonation, custody of the children, and support.

The husband first contends that the evidence conclusively shows that the wife condoned any acts of physical cruelty charged against him by continuing thereafter to live in the home with him and that her petition for a divorce should have been denied by the lower court on that ground.

The parties were married on October 7, 1954 and have three children, ages 3, 5, and 8. They have apparently had disagreements over a period of time, and the wife has instituted actions for divorce against the husband on two prior occasions. The first was brought at some time prior to 1962, neither the date nor the grounds being shown in the record. The second was begun in 1962 upon the ground of habitual drunkenness. While there is disagreement as to the justification for the institution of these actions, both were apparently ended before a hearing and were followed by a resumption of marital relations.

The wife instituted this action on July 18, 1963, following an alleged physical attack upon her by the husband on July

4th. She related several alleged acts of physical abuse as the basis of the action. The first serious incident, according to the testimony, occurred in August, 1961, when the husband came home under the influence of alcohol and struck her on the head, causing permanent impairment of her hearing. The next attack allegedly occurred on July 4, 1963, when the husband beat her with a pistol, necessitating medical attention for the injuries sustained. The institution of this action followed the July 4th incident. Finally, she testified that the husband choked and beat her on September 6, 1963, approximately two months after this action was begun on July 18th. The testimony in this case was taken at two hearings, the first on November 5, 1963, and the second on December 13, 1963. The September 6th incident therefore occurred approximately two months after this action was instituted, two months before the first hearing, and three months before the second or last hearing.

Although the wife testified that the husband had inflicted several acts of physical abuse upon her, the first in August 1961, and the last after the commencement of this action, the record is clear that she continued to live in the same home with him after each incident and they have occupied the same home throughout these proceedings. The record further clearly shows that, since the incident of July 4th, which precipitated this action, the wife, has, while continuing to reside in the home, prepared the meals for the family, washed the husband's clothes, on occasions taken hot meals to him at his place of work, and accompanied him to buy groceries. During this time, the husband has continued to pay all expenses of the home, including food, house payments, payments on the wife's automobile, utilities, clothing, etc. The parties disagree as to whether there has been cohabitation in other respects.

It is well settled that condonation is a defense to an action for divorce, and that voluntary martial cohabitation by the wife with her husband after acts of physical cruelty on his part which would have entitled

her to divorce will constitute condonation. *McLaughlin v. McLaughlin,* 244 S. C. 265, 136 S. E. (2d) 537.

It is undisputed in this case that the wife, husband, and children have occupied the same living quarters throughout the prosecution of the action. The wife says however that, while admittedly occupying the same home, she and her husband have lived separate and apart and there have been no marital relations. The only testimony to support this claim comes from the wife.

We have held that "[w]hen a husband and wife occupy the same living quarters, the law presumes that they engage in marital relations"; and that the unsupported testimony of one of the parties in such instance that they did not cohabit is insufficient to overcome such presumption. *Boozer v. Boozer,* 242 S. C. 292, 130 S. E. (2d) 903.

■ We think that the continued occupancy by the wife and husband of the same home during the pendency of the divorce action, under the facts of this case, conclusively showed condonation on the part of the wife of the alleged acts of physical cruelty upon which the divorce was sought to be obtained; and the lower court should have denied her petition for divorce for this reason.

■ The remaining questions concern the custody of the children and the award for support and maintenance. The wife, husband, and children are occupying the same home and the husband is providing for their support. In fact, the wife testified that the husband was a good provider. The children are apparently being cared for and there is testimony that both parents are good to them. We find no basis under these facts upon which to sustain the order of the lower court respecting the custody of the children and support.

Reversed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ.. concur.