1050

Sandra S. McLAURIN, Respondent v. Daniel K. McLAURIN, Appellant.

(363 S. E. (2d) 110)

Court of Appeals

*James W. Corley*, Columbia, *for appellant.*

*William R. Applegate*, West Columbia, *for respondent.*

Heard Oct. 20, 1987.

Decided Nov. 23, 1987.

BELL, Judge:

Sandra S. McLaurin brought this action against her then husband, Daniel K. McLaurin, for a divorce on the ground of adultery. Daniel neither admitted nor denied committing adultery in his answer. The family court granted Sandra a divorce on the ground of adultery. Daniel appeals. We affirm.

The parties were married on August 18, 1961. At the time of their separation, they were residing in Lexington County. In late March or early April of 1986, Daniel's employer sent him to work on a job in Spartanburg. Shortly thereafter, while he was home one weekend, Sandra found a lady's telephone number in his billfold. She questioned Daniel, who admitted to an adulterous relationship. On April 26, 1986, Daniel left the marital home. The parties have not lived together since.

On June 2, 1986, Sandra and a friend, Emma Pauline McConnell, went to the home of one Peggy Jones in Taylors, South Carolina, in order to serve the divorce papers on Daniel. When they got there, Emma McConnell went to the door while Sandra stayed in the truck. Peggy Jones answered the door. She was wearing a "little flimsy gown" and a robe. When Daniel soon thereafter came to the door, he was fully clothed. Emma McConnell testified that she saw no one else there.

The issues raised on appeal are: (1) whether the evidence was sufficient to warrant a finding of adultery; and (2) whether the family court erred in awarding alimony and attorney's fees where the ground for divorce was not proven. Daniel concedes that the second issue hinges on the first.

To obtain a divorce on the ground of adultery in South Carolina, the proof of the alleged adultery "must be clear and positive, and the infidelity must be established by a clear preponderance of the evidence. The proof must be sufficiently definite to identify the time and place of the offense, and the circumstances under which it was committed." *Brown v. Brown*, 215 S. C. 502, 512-513, 56 S. E. (2d) 330, 335 (1949). However, as adultery, by its very nature, is an activity which takes place in private, it may be proved by circumstantial evidence. *Loftis v. Loftis*, 284 S. C. 216, 325

S. E. (2d) 73 (Ct. App. 1985); *accord Brown v. Brown, supra; Miller v. Miller,* 280 S. C. 314, 313 S. E. (2d) 288 (1984). Although a divorce on the ground of adultery should be denied, "if after due consideration of all the evidence proof of guilt is inconclusive . . .," *Odom v. Odom,* 248 S. C. 144, 146, 149 S. E. (2d) 353, 354 (1966), insufficiency in any particular respect "should not be allowed to defeat a divorce where the court is fully convinced adultery has been committed and a party has had full opportunity to defend or refute the charge." *Loftis v. Loftis,* at 218, 325 S. E. (2d) at 74.

In *Brown v. Brown,* the Supreme Court set forth the rule which requires corroboration of "all the material allegations of the complaint necessary to sustain a decree of divorce. . . ." 215 S. C. at 512, 56 S. E. (2d) at 335. The Court went on to say: "There is no definite rule as to the degree of corroboration required, but each case must be decided according to its own facts and circumstances." *Id.* The Court then explained: "Since the main reason for the rule is to prevent collusion between the parties, the rule is not generally deemed inflexible; and may be relaxed when it is evident that collusion does not exist." *Id.; see also McLaughlin v. McLaughlin,* 244 S. C. 265, 136 S. E. (2d) 537 (1964); *Harvley v. Harvley,* 279 S. C. 572, 310 S. E. (2d) 161 (Ct. App. 1983).

Daniel argues that Sandra failed to introduce enough evidence to support the divorce on the ground of adultery.[1] She proved to the satisfaction of the family court, however, that Daniel admitted the adultery to her. This is not a collusive suit; Daniel vigorously contests the adultery. In these circumstances, no corroboration is required to support Daniel's uncontradicted admission against his own interest. *Harvely v. Harvely, supra.* That admission by itself is evidence from which a finding of adultery may be made.

---

[1] At trial Daniel was questioned about his alleged adultery. He refused to respond, asserting his privilege against self incrimination under the Fifth Amendment to the United States Constitution. Sandra argues that the court may make an inference from this silence that Daniel committed the alleged adulterous act. This combined with other evidence, she asserts, will support a finding of adultery. Because we think there is sufficient evidence to support the allegation without considering Daniel's refusal to testify, we do not decide what, if any, inference may be drawn from a witness's invocation of the privilege against self incrimination in a civil case.

Although no corroboration is necessary, Daniel's presence alone with Peggy in her house while she was "comfortably" dressed, provides some corroboration for his admission. His presence in her home, without more, would not support a finding of adultery. *Fox v. Fox*, 277 S. C. 400, 288 S. E. (2d) 390 (1982); *Fulton v. Fulton*, 293 S. C. 146, 359 S. E. (2d) 88 (Ct. App. 1987). The family court may, however, consider the incident as some evidence that Daniel and Peggy had the opportunity and disposition to commit the offense. *Hartley v. Hartley*, 292 S. C. 245, 246-249, 355 S. E. (2d) 869, 871 (Ct. App. 1987).

We therefore hold that the family court's finding of adultery is supported by sufficient evidence. Our decision of the first issue makes it unnecessary to reach Daniel's other issue.

SHAW and CURETON, JJ., concur.

