The South Carolina Court of Appeals

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Bobby Allen Mattox, Respondent,
v.
Julie Almond Mattox, Appellant.
 
 
 

Appeal From Edgefield County
Peter R. Nuessle, Family Court Judge

Unpublished Opinion No. 2007-UP-089
Submitted February 1, 2007  Filed February 23, 2007

AFFIRMED

 
 
 
Christopher Lance Sheek, of Greenwood, for Appellant.  
Timothy S. Mirshak and Joan E. Smith, both of Augusta, Georgia, for Respondent.
 
 
 

PER CURIAM:  Bobby Allen Mattox (Husband) filed this family court action against Julie Almond Mattox (Wife) seeking, inter alia, custody, equitable distribution, and attorneys fees.  Wife appeals.  We affirm.[1]
FACTS
The parties were married in 1986 and had two daughters, Mariah and Bailey.  At the time of trial, the children were 13 and 9 years of age.  The family lived in the marital home in Edgefield County, South Carolina.  
Husband is employed in mechanical work at a company in Augusta, Georgia, where he has worked for over eight years.  Wife worked in the early part of the marriage and was a stay-at-home mother between 1996 and 2000.  In 2000, Wife began employment as a waitress several nights a week and as a part-time secretary during the day.  While the action was pending, Wifes attorney hired her in his law practice.  Wife has since become employed by the State of Georgia earning approximately $2,200 per month.  Husband earns $4,058 per month.  
Wife testified she became depressed about the marriage in 2003.  She started a pattern of self-abuse such as hitting herself and blackening her eyes.  The children were sometimes in the house while the wife entered the bathroom to hit herself.  In February 2004, Wife held a loaded gun to her head in Husbands presence and threatened to kill herself.  In March of 2004, Wife met Mike Lipscome, a police officer.  During the next few months, Wife placed over one hundred telephone calls to Lipscome.  
The children spent a good portion of the summer of 2004 at their grandparents houses.  One day in July of 2004, the parties argued during the day and that night after Wife returned from work.  Husband called the police and the police found evidence of Wifes drug use.  Wife left the residence.  The paternal grandmother arrived to take the children.  Wife arrived shortly thereafter and, in the grandmother and husbands presence, stripped naked, laid down on the floor, and yelled at the husband.  The parties separated.  
STANDARD OF REVIEW
In appeals from the family court, this court may find facts in accordance with its own view of the preponderance of the evidence. 
Rutherford v. Rutherford, 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992).  However, this broad scope of review does not require us to disregard the family courts findings.  Stevenson v. Stevenson, 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981).  Nor must we ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  Cherry v. Thomasson, 276 S.C. 524, 525, 280 S.E.2d 541, 541 (1981).  

 LAW/ANALYSIS
Custody
Wife argues the family court erred in granting Husbands request for custody.  We disagree.  The primary, paramount and controlling factor in all child custody controversies is the best interests of the children. 
Davis v. Davis, 356 S.C. 132, 135, 588 S.E.2d 102, 103 (2003).  The family court should consider how the custody decision will impact all areas of a childs life and include an assessment of the parents character, fitness, and attitude as they impact the child.  Shirley v. Shirley, 342 S.C. 324, 330, 536 S.E.2d 427, 430 (Ct. App. 2000).  Custody decisions are left to the sound discretion of the family court.  Id.
Wife argues she is entitled to custody because she was active in the childrens lives including teaching Sunday school, coaching cheerleading, and volunteering at the schools.  She relies on the numerous witnesses she called to testify to her fitness, arguing Husband called only a few witnesses although both parties had equal access to members of the community concerning the welfare of the children . . . .  She also argues her continued drug use did not have an impact on her abilities as a mother and Husbands reliance on it is misplaced. 
The record reflects both parties used marijuana early in the marriage.  Husband testified he had not used any illegal substance since 1991.  He undergoes random drug screening at work and has not failed any tests.  Wife continued using marijuana until at least 2004.  Furthermore, while there is evidence of Wifes active presence in the childrens lives, there is also evidence of Husbands presence, such as church attendance and occasional hunting and fishing trips.  Also, Wife admitted Husband is a good father.  
The family court found Wifes drug use and her behavior just prior to the breakup of the marriage, including her self-abuse, reflected on her stability and ability to care for the children.  Furthermore, the court found Wife exhibited hostility and anger throughout the separation and even during trial.  We find no abuse of discretion by the family court in awarding custody to Husband.  
Adultery
Wife argues the family court erred in failing to grant her a divorce on the ground of adultery.  We disagree.
Each party alleged adultery as a ground for divorce.  Wife relied on the testimony of a former neighbor, David King.  King testified he and his wife argued one evening about her possible relationship with Husband.  King left the house and came home later that night.  He found his wife, wearing only a robe, grappling on the couch with Husband.  The incident allegedly occurred in 1998 or 1999.  Husband denied he had sexual relations with Mrs. King.  
The family court found Wife did not prove adultery.[2]  In South Carolina, proof of adultery as a ground for divorce must be clear and positive and the infidelity must be established by a clear preponderance of the evidence.  Odom v. Odom, 248 S.C. 144, 146, 149 S.E.2d 353, 354 (1966).  Circumstantial evidence showing opportunity and inclination to commit adultery is sufficient to establish adultery.  Panhorst v. Panhorst, 301 S.C. 100, 102, 390 S.E.2d 376, 377 (Ct. App. 1990).  If evidence of adultery is inconclusive, a divorce on the ground of adultery should be denied.  McLaurin v. McLaurin, 294 S.C. 132, 134, 363 S.E.2d 110, 111 (Ct. App. 1987).  
We defer to the family court judge, who was in the best position to evaluate the credibility of the witnesses regarding an event that occurred several years prior to the parties separation.  See Woodall v. Woodall, 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996).  Accordingly, we find no error.
Attorneys Fees
Wife argues the family court erred in awarding attorneys fees amounting to all of the equity she was entitled to in the equitable distribution award and failing to consider the Glasscock factors.  See Glasscock v. Glasscock, 304 S.C. 158, 403 S.E.2d 313 (1991).  We disagree.
The award of attorneys fees is at the sound discretion of the family court.  Stevenson v. Stevenson, 295 S.C. 412, 415, 368 S.E.2d 901, 903 (1988).  In determining whether to award attorneys fees, the family court should consider each partys ability to pay his or her own fees, the beneficial results obtained, the parties respective financial conditions, and the effect of the fee on each partys standard of living.  E.D.M. v. T.A.M., 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).  In determining a reasonable amount of attorneys fees to award, the court should consider the nature, extent, and difficulty of the services rendered, the time necessarily devoted to the case, counsels professional standing, the contingency of compensation, the beneficial results obtained, and the customary legal fees for similar services.  Glasscock, 304 S.C. at 161, 403 S.E.2d at 315.  The family court is required to make an independent evaluation of each of the Glasscock factors.  Widdicombe v. Tucker-Cales, 366 S.C. 75, 92, 620 S.E.2d 333, 342 (Ct. App. 2005).  
The family court found Husband to be the prevailing party and stated in its order that it considered the Glasscock factors in determining the amount of attorneys fees to award.  Based on our review of the record, we find no abuse of discretion.
For all of the foregoing reasons, the decision of the family court is  
 AFFIRMED.
HEARN, C.J., GOOLSBY and STILWELL, JJ.,, concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  Neither did the court grant Husband a divorce on the ground of adultery and, at the time of the final hearing, no other ground for divorce existed.  Accordingly, the order resolved all remaining issues, but the parties remained married.