**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Carolyn R. King, Respondent,

v.

William J. King, Appellant.

Appellate Case No. 2013-002663

Appeal From Laurens County
Joseph C. Smithdeal, Family Court Judge

Unpublished Opinion No. 2015-UP-024
Submitted November 1, 2014 – Filed January 14, 2015

**AFFIRMED**

Marvin R. Watson, of Watson Law Firm, of Greenwood, and Scarlet Bell Moore, of Greenville, for Appellant.

Christopher Lance Sheek, of Greenwood, for Respondent.

**PER CURIAM:** William King (Husband) appeals the family court order requiring him to pay Carolyn King (Wife) $750 per month in permanent, periodic alimony. Husband argues the family court erred in (1) awarding Wife alimony when she committed adultery and (2) setting permanent, periodic alimony at $750

per month. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred in awarding Wife alimony when she committed adultery: *Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *id.* ("Thus, this [c]ourt has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence; however, this broad scope of review does not require the [c]ourt to disregard the findings of the family court, which is in a superior position to make credibility determinations."); *Myers v. Myers*, 391 S.C. 308, 313, 705 S.E.2d 86, 89 (Ct. App. 2011) ("When evidence is disputed, the appellate court may adhere to the findings of the family court, who saw and heard the witnesses. The family court was in a superior position to judge the witnesses' demeanor and veracity and, therefore, its findings should be given broad discretion." (citation omitted)); *Buero v. Buero*, 246 S.C. 355, 359-60, 143 S.E.2d 719, 721 (1965) (stating "[i]t is well settled that condonation is a defense to an action for divorce"); *McLaughlin v. McLaughlin*, 244 S.C. 265, 274, 136 S.E.2d 537, 541 (1964) ("Condonation may be presumed from cohabitation; and lapse of time, or a continuance of marital cohabitation with knowledge of the offense, raises a presumption of condonation. Although this presumption may be rebutted by evidence of the accompanying circumstances, the burden of rebutting it is on [the] plaintiff." (internal quotation marks omitted)); *Doe v. Doe*, 286 S.C. 507, 508-12, 334 S.E.2d 829, 830-32 (Ct. App. 1985) (holding a husband could not avail himself of the statute barring alimony when he condoned his wife's alleged adultery, and therefore, the wife was still eligible for alimony); *McLaurin v. McLaurin*, 294 S.C. 132, 134, 363 S.E.2d 110, 111 (Ct. App. 1987) (stating "a divorce on the ground of adultery should be denied, if after due consideration of all the evidence proof of guilt is inconclusive" (internal quotation marks omitted)).

2. As to whether the family court erred in setting permanent, periodic alimony at $750 per month: *Crossland*, 408 S.C. at 451, 759 S.E.2d at 423 ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *id.* at 452, 759 S.E.2d at 423 ("An award of alimony rests within the sound discretion of the family court and will not be disturbed absent an abuse of discretion."); S.C. Code Ann. § 20-3-130(C) (2014) (listing thirteen factors the family court must consider when deciding whether to award alimony).

**AFFIRMED.**[1]

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.