**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Terry Menefee, Appellant,

v.

Delinda Menefee, Respondent.

Appellate Case No. 2015-001694

———————————

Appeal From Aiken County
Randall E. McGee, Family Court Judge

———————————

Unpublished Opinion No. 2017-UP-301
Heard June 5, 2017 – Filed July 26, 2017

———————————

**AFFIRMED**

———————————

Aaron G. Walsh, of Walsh Law, PA, of Aiken, for
Appellant.

Stephen K. Surasky, of Surasky Law Firm, LLC, of
Langley, for Respondent.

———————————

**PER CURIAM:**  Terry Menefee (Husband) appeals various rulings of the family
court regarding his divorce from Delinda Menefee (Wife).  We affirm pursuant to
Rule 220(b), SCACR, and the following authorities:

1.  As to the family court's denial of Husband's motion to interview the minor child: *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 437, 540 S.E.2d 113, 120 (Ct. App. 2000) ("An issue is deemed abandoned if the argument in the brief is only conclusory."); *Dodge v. Dodge*, 332 S.C. 401, 418-19, 505 S.E.2d 344, 353 (Ct. App. 1998) (finding the family court did not abuse its discretion in declining to interview an eleven-year-old child in a custody proceeding).

2.  As to the family court finding Husband failed to prove Wife committed adultery: *McLaurin v. McLaurin*, 294 S.C. 132, 133, 363 S.E.2d 110, 111 (Ct. App. 1987) ("To obtain a divorce on the ground of adultery in South Carolina, the proof of the alleged adultery 'must be clear and positive, and the infidelity must be established by a clear preponderance of the evidence. The proof must be sufficiently definite to identify the time and place of the offense, and the circumstances under which it was committed.'" (quoting *Brown v. Brown*, 215 S.C. 502, 512-513, 56 S.E.2d 330, 335 (1949))); *Brown v. Brown*, 379 S.C. 271, 277, 665 S.E.2d 174, 178 (Ct. App. 2008) (per curiam) ("When the evidence is conflicting and susceptible of different inferences, the family court has the duty of determining not only the law of the case, but the facts as well, because it had the benefit of observing the witnesses and determining how much credence to give each witness's testimony."); s*ee also Cox v. Cox*, 296 S.C. 414, 415, 373 S.E.2d 694, 694 (Ct. App. 1988) (per curiam) (finding when the evidence conflicts as to whether a party committed adultery, the appellate court should not disregard the findings of the family court who saw and heard the witnesses and was in a better position to evaluate the witnesses' testimony).

3.  As to the family court finding Husband failed to prove physical cruelty as a basis for granting the parties' divorce: *Gorecki v. Gorecki*, 387 S.C. 626, 633, 693 S.E.2d 419, 422 (Ct. App. 2010) ("The party alleging physical cruelty has the burden of proving it by a preponderance of the evidence."); *id.* ("In considering what acts constitute physical cruelty, the family court must consider the circumstances of the particular case."); *id.* ("A single assault by one spouse upon the other spouse can amount to physical cruelty."); *id.* ("The assault must, however, be life-threatening or must be either indicative of an intention to do serious bodily harm or of such a degree as to raise a reasonable apprehension of great bodily harm in the future.").

4. As to the minor child's visitation with Wife and counseling: *Curtis v. State*, 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001) ("An appellate court will not pass on moot and academic questions or make an adjudication where there remains no

actual controversy."); *Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon [the] existing controversy. This is true when some event occurs making it impossible for [the] reviewing [c]ourt to grant effectual relief."); *Carpenter v. S.C. Dep't of Soc. Servs.*, 278 S.C. 167, 167-68, 293 S.E.2d 432, 432 (1982) (per curiam) (finding issues regarding the removal of a minor who turned eighteen during the pendency of the appeal were rendered moot).

5. As to the family court declining to award child support to Husband for the time period between commencement of litigation and trial: *Mosley v. Mosley*, 390 S.C. 524, 531, 702 S.E.2d 253, 257 (Ct. App. 2010) ("The decision to award retroactive child support rests in the sound discretion of the family court."); *R & G Constr., Inc.*, 343 S.C. at 437, 540 S.E.2d at 120 ("An issue is deemed abandoned if the argument in the brief is only conclusory.").

6. As to the family court declining to award reimbursement to Husband for automobile insurance paid on Wife's behalf: *Helms Realty, Inc. v. Gibson-Wall Co.*, 363 S.C. 334, 339, 611 S.E.2d 485, 487-88 (2005) (declining to address the merits of an appellant's claim based on the appellant's failure to meet the burden of providing a sufficient record for review).

7. As to the family court's equitable distribution: *King v. King*, 384 S.C. 134, 143, 681 S.E.2d 609, 614 (Ct. App. 2009) ("The division of marital property is within the family court's discretion and will not be disturbed on appeal absent an abuse of that discretion. The appellate court looks to the overall fairness of the apportionment. If the end result is equitable, the fact that the appellate court would have arrived at a different apportionment is irrelevant." (citations omitted)); *Wooten v. Wooten,* 364 S.C. 532, 546, 615 S.E.2d 98, 105 (2005) ("Marital debt, like marital property, must be specifically identified and apportioned in equitable distribution."); *Pruitt v. Pruitt*, 389 S.C. 250, 267, 697 S.E.2d 702, 711 (Ct. App. 2010) (deferring to the family court's finding that alleged debts listed by the husband as marital debts did not qualify as marital debts because they were not adequately explained by his testimony at trial).

8. As to the family court finding Husband in contempt of a court order: *Durlach v. Durlach*, 359 S.C. 64, 70, 596 S.E.2d 908, 912 (2004) (indicating an appellate "[c]ourt should reverse a decision regarding contempt 'only if it is without evidentiary support or the [family court] has abused [its] discretion'" (quoting *Stone v. Reddix-Smalls*, 295 S.C. 514, 516, 369 S.E.2d 840, 840 (1988))); *see also*

*Henderson v. Henderson*, 298 S.C. 190, 197, 379 S.E.2d 125, 129 (1989) ("A finding of contempt rests within the sound discretion of the [family court].").

9.  As to the family court's decision to deny Husband's request for attorney's fees and to split the guardian ad litem fees equally: *Nash v. Byrd*, 298 S.C. 530, 537, 381 S.E.2d 913, 917 (Ct. App. 1989) (per curiam) (stating an award of attorney's fees or guardian ad litem fees "lies within the sound discretion of the [family court] and will not be disturbed on appeal absent an abuse of discretion"); *Garris v. McDuffie*, 288 S.C. 637, 644, 344 S.E.2d 186, 191 (Ct. App. 1986) ("The same equitable considerations [that] apply to attorney's fees also apply to costs."); *see E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (designating the following factors as determinative in whether to award attorney's fees and costs: "(1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) effect of the attorney's fee on each party's standard of living").

**AFFIRMED.**

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**