**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Celestine Huggins, Respondent,

v.

Kenneth Huggins and Garry Conyers, Defendants,

Of whom Kenneth Huggins is the Appellant.

Appellate Case No. 2015-001803

———————————

Appeal From Sumter County
Angela R. Taylor, Family Court Judge

———————————

Unpublished Opinion No. 2018-UP-357
Heard March 13, 2018 – Filed August 15, 2018

———————————

**AFFIRMED**

———————————

John Stephen Keffer, of Young, Keffer & Donnald, PA,
of Sumter, for Appellant.

Richard Thomas Jones, of Jones Seth & Jones, LLP, of
Sumter, for Respondent.

———————————

**PER CURIAM:** In this divorce action, Kenneth Huggins (Husband) appeals, arguing the family court erred in (1) allowing Celestine Huggins (Wife) to amend her pleadings; (2) finding he committed adultery; (3) awarding Wife attorney's fees

and costs, including investigative fees; (4) determining his conduct, including physical cruelty and habitual substance abuse, contributed to the breakup of the marriage; (5) refusing to award him alimony; and (6) dividing the marital property and giving Wife substantially more marital property. We affirm.

## FACTS

Husband and Wife were married on September 21, 1991. Two children were born of the marriage. Wife filed for divorce on April 17, 2014, on the grounds of habitual drunkenness and physical cruelty. Wife requested sole custody of the parties' minor daughter, child support, and for Husband to contribute to the payment of uncovered medical expenses for their minor daughter. Wife did not seek alimony, but sought a larger apportionment of the equitable distribution of the marital property. She also requested reimbursement of attorney's fees and costs.

In his answer, Husband sought separate support and maintenance from Wife and joint custody of their minor daughter. He sought equitable distribution of the marital property and requested both parties waive any interest in the other's retirement accounts. On October 13, 2014, Husband filed a motion to amend his pleadings to seek alimony. In his amended answer, Husband alleged Wife abandoned the marriage, requested that Wife be barred from receiving alimony, and sought alimony from Wife.

On May 13, 2015, Wife filed a motion to amend her pleadings to request a divorce on the ground of adultery, reimbursement of private investigator fees, and termination of her obligation to pay a portion of the mortgage on the marital home. Wife's motion was hand delivered to Husband on the same date.

A final hearing was held on May 18-19, 2015. The family court's final decree of divorce was filed on July 10, 2015. Husband filed a motion for reconsideration. Wife also filed a motion for reconsideration, modification, or amendment of the final decree of divorce. The family court denied both motions. This appeal followed.

## STANDARD OF REVIEW

On appeal from the family court, this court reviews factual and legal issues de novo. *Stoney v. Stoney*, 422 S.C. 593, 594, 813 S.E.2d 486, 486 (2018); *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 651-52 (2011). Although this court reviews the

family court's findings *de novo*, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 384-85, 709 S.E.2d at 651-52. "[D]e novo standard of review does not relieve an appellant from demonstrating error in the [family] court's findings of fact." *Id*. at 385, 709 S.E.2d at 652. Thus, "the family court's factual finding will be affirmed unless [the] 'appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court.'" *Id*. at 392, 709 S.E.2d at 655.

## LAW/ANALYSIS

### I.    Amended Pleadings

Husband argues the family court erred in allowing Wife to amend the pleadings. We disagree.

The South Carolina Rules of Civil Procedure, which are applicable to family court pleadings, state:

> If evidence is objected to at the trial on the ground that it is not within the issue made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits.

Rule 15(b), SCRCP; *see Meehan v. Meehan*, 407 S.C. 471, 480, 756 S.E.2d 398, 403 (Ct. App. 2014); *Pool v. Pool*, 329 S.C. 324, 327-28 & n. 5, 494 S.E.2d 820, 822 & n. 5 (1998). "The focal inquiry in allowing amendment of pleadings is whether doing so will prejudice the opposing party." *Pool*, 329 S.C. at 328, 494 S.E.2d at 822.

Five days prior to the final hearing, Wife filed her motion to amend her pleadings to request a divorce on the ground of adultery, reimbursement of private investigator fees, and termination of her obligation to pay a portion of the mortgage on the marital home. Her motion was hand-delivered to Husband on the same date.

Husband argues on appeal that the family court should have denied Wife's request to amend her pleadings or continued the matter until he could have answered the amendment. He argues allowing Wife to amend her pleadings was unduly prejudicial to him. He further asserts that for the family court to find he committed adultery and then use that as a reason to deny him alimony and award Wife attorney's fees and costs, including investigative fees, is "extremely unjust."

Husband did not file a response or make any written objection to the motion prior to the hearing. During the first day of trial, Wife presented testimony from two private investigators, Husband's alleged mistress, and herself about Husband's adultery. Husband did not object to any of the testimony about the adultery or the exhibits coming before the court. At the conclusion of the testimony about the adultery, Wife asked for her previously-filed motion to amend her pleadings be granted or that the pleadings be conformed to the evidence presented. Husband objected to the court considering "that behavior," but not to "the testimony as to the behavior." Husband's attorney stated:

> [E]ven if we would have objected the [c]ourt would have considered that because the issue of alimony is at issue so it's not like we could have kept that out anyway. I think regardless of whether it's asked for in the pleadings it can be considered. Alimony is at issue, which is why I didn't object to it because it was going to come in regardless.

The court found Husband had not objected to the evidence so it was tried without objection, and the court granted Wife's motion to amend her pleadings. We find the issue was tried by consent.

## II.    Adultery

Husband argues the family court erred in finding he committed adultery. We disagree.

"Proof of adultery as a ground for divorce must be 'clear and positive and the infidelity must be established by a clear preponderance of the evidence.'" *Brown v. Brown*, 379 S.C. 271, 277-78, 665 S.E.2d 174, 178 (Ct. App. 2008) (quoting *McLaurin v. McLaurin*, 294 S.C. 132, 133, 363 S.E.2d 110, 111 (Ct. App. 1987)). "A 'preponderance of the evidence' is evidence which convinces as to its truth." *Id.* at 278, 665 S.E.2d at 178 (quoting *DuBose v. DuBose*, 259 S.C. 418, 424, 192

S.E.2d 329, 331 (1972)). "Because of the 'clandestine nature' of adultery, obtaining evidence of the commission of the act by the testimony of eyewitnesses is rarely possible, so direct evidence is not necessary to establish the charge." *Id.* (quoting *Fulton v. Fulton*, 293 S.C. 146, 147, 359 S.E.2d 88, 88 (Ct. App. 1987)). "Accordingly, adultery may be proven by circumstantial evidence that establishes both a disposition to commit the offense and the opportunity to do so." *Id.*

Husband argues Wife offered testimony from two private investigators who testified Husband was seen at his alleged mistress' house on two separate occasions, but neither investigator stated Husband spent the night at her house. Therefore, he argues the family court's finding that he committed adultery was not supported by a clear preponderance of the evidence.

At trial, Husband testified he had never spent the night at his alleged mistress' house; however, the mistress testified he had spent the night there "maybe three, two, three or four times." The private investigator testified he found Husband at his alleged mistress' house in the early morning hours, exiting her house with a coffee cup, having his own key to her house, and changing clothes at her house. The alleged mistress further testified they take long walks together, she visited Husband's mother in the hospital with him, and they talk on the phone on a regular basis.

The court noted in its order that "[a]lthough [Husband] and [his alleged mistress] denied an adulterous relationship, the court [did] not find their denials credible." The court explained that Husband's truck was observed at the alleged mistress' residence on at least two occasions, the alleged mistress testified Husband stayed overnight at her home on two separate occasions, and Husband lived about ten minutes away so there was no reason for him to stay at her house. Regardless, the court found the parties had been separated in excess of one year; therefore, the court granted Wife a divorce on the statutory ground of one year's continuous separation, not on the ground of adultery. We find Husband failed to meet his burden of showing this court the preponderance of the evidence is against the finding of the family court. *See Stoney*, 422 S.C. at 595, 813 S.E.2d at 487 (holding the de novo standard of review "does not abrogate two long-standing principles still recognized by our courts during the de novo review process: (1) a trial judge is in a superior position to assess witness credibility, and (2) an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the trial judge.").

## III.   Attorney's Fees and Costs

Husband argues the family court erred in awarding Wife attorney's fees and costs, including investigative fees.  We disagree.

"The award of attorney's fees in a domestic action rests within the sound discretion of the family court."  *Reiss v. Reiss*, 392 S.C. 198, 210, 708 S.E.2d 799, 805 (Ct. App. 2011).  The family court should consider four factors in deciding to award attorney's fees and costs: "(1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) effect of the attorney's fee on each party's standard of living."  *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).

"Reimbursable expenses include reasonable and necessary expenses incurred in obtaining evidence of a spouse's infidelity."  *Chastain v. Chastain*, 381 S.C. 295, 306, 672 S.E.2d 108, 114 (Ct. App. 2009).  If the court determines attorney's fees and costs are appropriate, it should consider the following factors when determining the amount to award: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services."  *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).

Husband argues the family court did not make specific findings of fact on the record for each of the required factors although he does not specify which factors the court did not address.  He asserts Wife earns well over $100,000 annually while he only earns approximately $60,000 annually.  Husband requests this court find the family court's award of attorney's fees and costs should be set aside, or in the alternative, remanded to the family court for proper evaluation.

The family court noted Wife's attorney's fees were $24,542.01 and her private investigator fees were $2,512.25.  Husband's attorney's fees were $6,050.  The court then properly considered the appropriate factors when deciding to award fees: (1) both parties were gainfully employed and can pay their attorney's fees; (2) Wife obtained beneficial results in that she kept her retirement accounts, obtained an equitable interest in the marital assets, and established Husband contributed to the breakup of the marriage; (3) Wife's financial declaration states she has monthly expenses of $6,095.50 and Husband's financial declaration states he has monthly expenses of $6,257; however, the court questioned the accuracy of Husband's expenses; and (4) the only testimony about the effect of the fees on the parties'

standard of living was that Wife still owed money to her attorney. The court also considered the factors for determining the amount of fees and costs to award: (1) the case was not extremely difficult; (2) the fees incurred by Wife were reasonable; (3) both parties' attorneys practice extensively in family court; (4) Wife obtained beneficial results; and (5) the fees Wife's attorney charged are customary in the area. Therefore, the court ordered Husband to pay Wife's private investigator fees of $2,512.25 and contribute $6,500 toward Wife's attorney's fees.

We find the court did not make a specific findings as to the time devoted to the case or the contingency of compensation. Also, the court should not have considered Wife's retention of her retirement benefits in awarding attorney's fees. However, under our own view of the preponderance of the evidence, we find Wife is entitled to attorney's fees and costs, and Husband has failed to show the preponderance of the evidence is against the finding of the family court.

## IV.    Husband's Conduct

Husband argues the family court erred in determining his conduct, including physical cruelty and habitual substance abuse, contributed to the breakup of the marriage. We disagree.

"[M]arital misconduct is an appropriate consideration when apportioning the marital estate." *Dixon v. Dixon*, 334 S.C. 222, 235, 512 S.E.2d 539, 546 (Ct. App. 1999); *see* S.C. Code Ann. § 20-3-620(B)(2) (2014) (requiring the family court to consider when apportioning the marital estate "marital misconduct or fault of either or both parties, whether or not used as a basis for a divorce as such, if the misconduct affects or has affected the economic circumstances of the parties, or contributed to the breakup of the marriage"). "Fault is an appropriate factor for consideration in determining alimony in cases where the misconduct affected the economic circumstances of the parties or contributed to the breakup of the marriage." *Smith v. Smith*, 327 S.C. 448, 463, 486 S.E.2d 516, 523-24 (Ct. App. 1997).

Husband argues the family court erred in finding his conduct, including habitual substance abuse and physical abuse, contributed to the cause of the breakup of the marriage because Wife never testified she was in fear of her life or fear of serious bodily harm and the allegations of substance abuse were completely unfounded. As a result, Husband asserts the family court erred in finding he was not entitled to alimony and awarding Wife attorney's fees and costs, including investigative fees.

He requests this court set aside the family court's findings, or in the alternative, remand the case to the family court.

The family court stated that although it did not find Husband's and his alleged mistress' denials of adultery to be credible, the court found the parties had been separated for more than one year, so it awarded Wife a divorce on the statutory ground of one year's continuous separation. The court also stated it found Husband's "mistreatment of [Wife] and his abuse of alcohol contributed to the breakup of the parties' marriage." Although the court made these findings and Husband did not request alimony in his initial pleadings, the court determined Husband was not entitled to alimony based on its evaluation of the thirteen factors found in subsection 20-3-130(C), as discussed thoroughly in the next issue. Also, as to attorney's fees and costs, the court determined Wife was entitled to an award based on the factors found in *E.D.M.*, 307 S.C. at 476-77, 415 S.E.2d at 816, and *Glasscock*, 304 S.C. at 161, 403 S.E.2d at 315, as discussed in the previous issue. We find Husband failed to show the preponderance of the evidence is against the finding of the family court, and the family court's finding that Husband contributed to the breakup of the marriage had little effect on the court's determination as to alimony and attorney's fees and costs.

## V.    Alimony

Husband argues the family court erred in failing to award him alimony. We disagree.

"Alimony is a substitute for the support normally incidental to the marital relationship." *Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014). "Generally, alimony should place the supported spouse, as nearly as is practical, in the same position he or she enjoyed during the marriage." *Id.* (quoting *Allen v. Allen*, 347 S.C. 177, 184, 554 S.E.2d 421, 424 (Ct. App. 2001)).

Subsection 20-3-130(C) of the South Carolina Code (2014) provides the family court must consider and give appropriate weight to the following factors when deciding to award alimony:

> (1) the duration of the marriage together with the ages of the parties at the time of the marriage and at the time of the divorce . . . ; (2) the physical and emotional condition of each spouse; (3) the educational background of each spouse . . . ; (4) the employment history and earning

potential of each spouse; (5) the standard of living established during the marriage; (6) the current and reasonably anticipated earnings of both spouses; (7) the current and reasonably anticipated expenses and needs of both spouses; (8) the marital and nonmarital properties of the parties . . . ; (9) custody of the children . . . ; (10) marital misconduct or fault of either or both parties . . . ; (11) the tax consequences to each party as a result of the particular form of support awarded; (12) the existence and extent of any support obligation from a prior marriage or for any other reason of either party; and (13) such other factors the court considers relevant.

Subsection 20-3-130(A) (2014) provides that "[n]o alimony may be awarded a spouse who commits adultery before the earliest of these two events: (1) the formal signing of a written property or marital settlement agreement or (2) entry of a permanent order of separate maintenance and support or of a permanent order approving a property or marital settlement agreement between the parties."

Husband argues the family court should have awarded him alimony because Wife makes more money than he does; he quit his job to allow Wife to take a more lucrative job in Atlanta; he does not have the ability to earn more money at his current job because his employer no longer allows him to work overtime; there was no evidence presented at trial that the adultery was a factor in the breakup of the marriage; and there was no evidence presented at trial that Husband habitually abused alcohol or that he assaulted Wife. Therefore, Husband requests this court set aside the family court's findings or remand the case to the family court.

In its order, the family court properly considered all thirteen factors set forth in subsection 20-3-130(C). The court found: (1) the parties had been married for almost 24 years; (2) neither party had significant health problems; (3) no testimony was presented regarding the need for either party to have additional training or education to achieve their respective income potential; (4) both parties were employed and earning a salary; (5) the parties had a comfortable standard of living during their marriage and had no debt; (6) both parties had the potential to earn more money; (7) both parties claimed similar monthly living expenses, but the court found some of Husband's expenses to be inflated or incorrect; (8) the parties' marital property included the marital home, joint bank accounts, their vehicles, other bank accounts, property in Silver, South Carolina, and their retirement accounts, and the only non-marital property was Wife's new home; (9) Wife had

custody of the parties' daughter; (10) Husband's conduct led to the breakup of the marriage and the court found Husband's denial of adultery to not be credible; (11) there was no testimony regarding the tax consequences to either party; (12) neither party had any support obligations from a prior marriage; and (13) Husband was capable of supporting himself without financial assistance from Wife, the financial declaration submitted by Husband was inaccurate and did not reflect Husband's actual expenses, and Husband's adultery barred him from an award of alimony. Based on our view of the preponderance of the evidence, we find Husband failed to show the preponderance of the evidence is against the findings of the family court. Thus, we affirm the denial of alimony.

## VI.    Marital Property

Husband argues the family court erred in dividing the marital property and giving Wife substantially more marital property.  We disagree.

"Marital property includes all real and personal property the parties acquired during the marriage and owned as of the date of filing or commencement of marital litigation."  *Brown*, 379 S.C. at 281, 665 S.E.2d at 180; S.C. Code Ann. § 20-3-630 (2014).  "The ultimate goal of apportionment is to divide the marital estate, as a whole, in a manner which fairly reflects each spouse's contribution to the economic partnership and also the effect on each of the parties of ending that partnership." *Id.*  "The doctrine of equitable distribution is based on a recognition that marriage is, among other things, an economic partnership."  *Mallett v. Mallett*, 323 S.C. 141, 150, 473 S.E.2d 804, 810 (Ct. App. 1996).  "Upon dissolution of the marriage, property acquired during the marriage should be divided and distributed in a manner which fairly reflects each spouse's contribution to its acquisition, regardless of which spouse holds legal title."  *Id.*

Subsection 20-3-620(B) of the South Carolina Code (2014) provides that the family court is required to consider the following fifteen statutory factors in making a final equitable apportionment of the marital estate:

> (1) the duration of the marriage and the ages of the parties at the time of the marriage and at the time of the divorce; (2) marital misconduct or fault of either or both parties, if the misconduct affects or has affected the economic circumstances of the parties or contributed to the breakup of the marriage; (3) the value of the marital property and the contribution of each spouse to the

acquisition, preservation, depreciation, or appreciation in value of the marital property, including the contribution of the spouse as homemaker; (4) the income of each spouse, the earning potential of each spouse, and the opportunity for future acquisition of capital assets; (5) the health, both physical and emotional, of each spouse; (6) either spouse's need for additional training or education in order to achieve that spouse's income potential; (7) the nonmarital property of each spouse; (8) the existence or nonexistence of vested retirement benefits for either spouse; (9) whether separate maintenance or alimony has been awarded; (10) the desirability of awarding to the spouse having custody of any children the family home as part of equitable distribution or the right to live in it for reasonable periods; (11) the tax consequences to either party as a result of equitable apportionment; (12) the existence and extent of any prior support obligations; (13) liens and any other encumbrances on the marital property and any other existing debts; (14) child custody arrangements and obligations at the time of the entry of the order; and (15) any other relevant factors that the family court expressly enumerates in its order.

Husband argues Wife's retirement accounts should have been considered to be marital property. He admits he did not request a portion of Wife's retirement accounts in his pleadings, but states he brought the issue to the court's attention during his cross examination by opposing counsel. At the close of the trial, Husband requested that he be allowed to amend his pleadings to conform to the evidence. The court did not grant or deny the request, but stated it knew what was in the pleadings and would consider everything that was presented. Finally, Husband argues the equitable apportionment worksheet should have been omitted from the divorce decree because it was inaccurate. He asserts he should not have been given credit for two accounts that belong to the parties' daughter; Wife should not have been given credit for the parties' son's student loan; and the Silver property should have been given the tax assessor's valuation of the property. As a result, he requests this court set aside the family court's findings, or in the alternative, remand the case to the family court.

Husband also argues the family court should have allowed him to amend his pleadings pursuant to Rule 15(b) of the South Carolina Rules of Civil Procedure to

conform to the evidence offered about Wife's retirement accounts.  We find Rule 15(b) is inapplicable here because in his answer, Husband specifically requested both parties waive any interest in the other's retirement accounts.  Our courts have held Rule 15(b) covers two situations:

> First, if an issue not raised by the pleadings is tried by express or implied consent of the parties the court may permit amendment of the pleadings to reflect the issue.  Second, if a party objects to the introduction of evidence as not being within the pleadings the court may permit amendment of the pleadings subject to a right to grant a continuance if necessary.

*Collins Entm't Corp. v. Coats & Coats Rental Amusement*, 355 S.C. 125, 132, 584 S.E.2d 120, 124 (Ct. App. 2003), *aff'd*, 368 S.C. 410, 629 S.E.2d 635 (2006) (quoting *Sunvillas Homeowners Ass'n, Inc. v. Square D Co.*, 301 S.C. 330, 334, 391 S.E.2d 868, 871 (Ct. App. 1990)).  Here, the issue prompting Husband's motion to amend was raised in his answer when he requested both parties waive any interest in the other's retirement accounts; therefore, the first situation does not apply.  The second situation also does not apply because no objection was made as to the evidence being outside the pleadings; thus, the family court could not have permitted an amendment.  Additionally, in the final decree of divorce, the family court found Husband did not present sufficient evidence at the hearing by which the court could make a determination on how to distribute the parties' retirement accounts.  Therefore, any amendment would have been futile.

Further, we find the family court properly considered all fifteen factors for equitable distribution in its order.  The court found: (1) the parties had been married for almost 24 years, were married when they were 25 years old, and at the time of the divorce, Husband was 48 years old and Wife was 47 years old; (2) Husband was at fault for the breakup of the marriage; (3) the value of the marital property was set forth in the equitable apportionment worksheet and both parties contributed to the acquisition of the marital estate; (4) Wife earned $117,000 per year and Husband earned $66,000 per year and both parties had the ability to earn more money at their jobs; (5) neither party had any significant health problems; (6) no testimony was presented regarding the need for either party to have additional training or education to achieve their respective income potential; (7) the only non-marital property was Wife's new home; (8) Wife had two retirement accounts with $231,291 in one and $86,148 in another, and Husband had two retirement accounts with $38,000 in one and $15,122.82 in another; (9) no spousal support was

awarded; (10) neither party wanted to retain possession of the marital home; (11) no testimony was presented about the tax consequences to either party; (12) neither party had support obligations from prior marriages; (13) the parties had a lien on the marital home and a student loan for their son; (14) Wife has had custody of the parties' daughter since their separation; and (15) the marital assets should be equally divided between the parties.  In addition, Husband was required to refinance the house and pay Wife her equitable interest in the home, each party was to keep their respective retirement accounts as their sole property, the parties would keep the personal property in his or her possession, each person would keep their respective vehicles, the remaining property including the accounts would be distributed as set forth in the equitable apportionment worksheet, the parties would equally divide the value of the property in Silver, South Carolina, and Husband would have sole ownership of the daughter's educational fund.  Based on our view of the preponderance of the evidence, we find Husband failed to show the preponderance of the evidence is against the findings of the family court.  Thus, we affirm the division of the marital property.

**CONCLUSION**

Accordingly, the family court's order is

**AFFIRMED.**

**SHORT, THOMAS, and HILL, JJ., concur.**