**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

David J. Lucas, Appellant,

v.

Angel K. Lucas, Respondent.

Appellate Case No. 2023-000181

---

Appeal From Cherokee County
M. Todd Thigpen, Family Court Judge

---

Unpublished Opinion No. 2025-UP-219
Submitted June 1, 2025 – Filed July 2, 2025

---

**AFFIRMED**

---

Anna-Karina Parker, of Parker & Bain, LLC, of Gaffney; and Scarlet Bell Moore, of Greenville, both for Appellant.

Travis Verne Olmert, of The Olmert Law Firm, LLC, of Greenville, for Respondent.

---

**PER CURIAM:** David Lucas (Husband) appeals the family court's order denying him a divorce from Angel Lucas (Wife) on the ground of adultery and awarding Wife attorney's fees. On appeal, Husband argues (1) the family court erred in its ruling because the evidence established Wife had the disposition and opportunity

to commit adultery and (2) the attorney's fees award should be reversed because Wife's adultery was established.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the family court did not err in denying Husband a divorce on the ground of adultery.  *See Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011) ("The family court is a court of equity."); *Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Weller v. Weller*, 434 S.C. 530, 537, 863 S.E.2d 835, 838 (Ct. App. 2021) ("[T]his court may find facts in accordance with its own view of the preponderance of the evidence."); *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52 (finding that, although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility); *Gorecki v. Gorecki*, 387 S.C. 626, 633-34, 693 S.E.2d 419, 423 (Ct. App. 2010) ("[W]hen issues relate to proof regarding which party, if either, is entitled to a divorce, and the evidence is conflicting and susceptible of different inferences, it becomes the family court's duty to determine not only the law of the case but the facts as well because the family court observed the witnesses and could determine how much credence to give each witness's testimony."); *Weller*, 434 S.C. at 538, 863 S.E.2d at 838 ("The appellant maintains the burden of convincing the appellate court that the family court's findings were made in error or were unsubstantiated by the evidence.").  Although Husband presented evidence of Wife's opportunity to engage in infidelity, the evidence Husband presented of Wife's disposition to engage in infidelity with the alleged paramour was not so convincing that the only explanation was guilt.  Notably, the family court found Wife and the alleged paramour's testimonies, which denied any adulterous activity, were more credible than Husband and his witnesses' testimonies.  *See Brown v. Brown*, 379 S.C. 271, 277, 665 S.E.2d 174, 178 (Ct. App. 2008) ("Proof of adultery as a ground for divorce must be 'clear and positive and the infidelity must be established by a clear preponderance of the evidence.'" (quoting *McLaurin v. McLaurin*, 294 S.C. 132, 133, 363 S.E.2d 110, 111 (Ct. App. 1987))); *id*. at 278, 665 S.E.2d at 178 ("[A]dultery may be proven by circumstantial evidence that establishes both a disposition to commit the offense and the opportunity to do so."); *McElveen v. McElveen*, 332 S.C. 583, 598, 506 S.E.2d 1, 9 (Ct. App. 1998) ("While adultery may be proven by circumstantial evidence, such evidence must be 'so convincing as to exclude any other reasonable hypothesis but that of guilt.'" (quoting *Fulton v. Fulton*, 293 S.C. 146, 147, 359 S.E.2d 88, 88 (Ct. App. 1987)).

2.  We affirm the family court's award of attorney's fees because Husband's argument was reliant on this court reversing the family court's order denying a divorce on the ground of adultery, and he did not prevail on the issue.  *See Stone*, 428 S.C. at 91, 833 S.E.2d at 272 ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Weller*, 434 S.C. at 537, 863 S.E.2d at 838 ("[T]his court may find facts in accordance with its own view of the preponderance of the evidence.").

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.